No. 61.—HARVEY W. SHAW, plaintiff in error, vs. THE MAYOR AND COUNCIL of the city of Macon, defendant in error.

[1.] The Marshal of the city of Macon holds his office, *by law*, for twelve months. He, therefore, does not hold it at the will of the City Council, although it be recited in his official bond that he does.

Shaw vs. The City Council of Macon.

[2.] A presentment that has not been carried into judgment, is not admissible against the party presented, as evidence to show him guilty of the matter charged in the presentment.

[3.] A failure by the Marshal of the city of Macon to prosecute for offences committed in his presence, even although not notified to prosecute for them, is such a neglect of duty on his part as makes him removable from office by the Mayor and Council of the city.

Assumpsit, in Bibb Superior Court. Tried before Judge ALLEN, at November Term, 1856.

Harvey W. Shaw was elected Marshal of the city of Macon for the year 1853, by the qualified voters of said city, and entered upon and discharged the duties of said office until June, when he was dismissed from office by the Mayor and Council of said city on the charges of gambling on Sunday, malpractice in office, and perjury. He was paid up to the period of his dismissal, at the rate of one thousand dollars per annum, that being the annual salary of the office, besides fees.

He instituted this action against the Mayor and Council to recover the balance of said salary and the proportion of fees accruing for the remainder of the year.

The defendant pleaded,

1st. The general issue.

2d. That plaintiff was guilty of a violation of his duty as Marshal in being called on before the grand jury of Bibb county to give his testimony respecting the offence of gambling committed in said city, and swearing falsely and committing perjury on that occasion.

3d. That he was guilty of malpractice in office, in not prosecuting for offences of gaming committed in said city when it was in his power to do so.

4th. That defendant being a municipal corporation, and clothed with judicial powers to try and depose its officers for malpractice in office and neglect of duty, if the dismissal complained of was improper, it was an error of judgment, for which they were not liable to plaintiff.

5th. That the bond executed by plaintiff, upon entering upon the duties of office, recited and provided that he should be removed from office by a majority of the Mayor and Council.

Plaintiff read his declaration and introduced the following testimony.

*A. R. Freeman,* being sworn, testified that plaintiff was elected by the people in December, 1852, to be principal Marshal of the city of Macon for the year 1853; that he entered upon and discharged the duties of his office until some time in June, 1853, when he was discharged by the Mayor and Council; that the salary of the principal Marshal for the year 1853 was one thousand dollars. Defendant paid plaintiff up to the time he was discharged, having paid him for not quite half the year, but refused to pay him for the balance of the year; that Mr. Shaw offered to perform the duties of Marshal for the balance of the year, but defendant employed another man and paid him.

*Wm. Hartley* testified that he has been connected with the police department of the city and knows what the fees of the Marshal are. The perquisites of the office of Marshal in 1853, were worth, independent of the salary, from $2,00 to $2.50 per day.

Plaintiff then introduced, by consent, the decision of the Supreme Court, together with the statement of facts and judgment of the Circuit Court, accompanying and reported in connection with the same, in the case of the Mayor and Council of the city of Macon, plaintiff in error, versus Harvey W. Shaw, defendant, the same being a case of certiorari reported in the 16th vol. of Georgia Reports, and which is referred to by consent of all parties without the necessity of setting out the same herein.

Plaintiff here closed and defendant introduced the following testimony:

1st. A bond, of which the following is a copy, (the execution having been previously proven,) to-wit:

"Georgia,  }  Know all men by these presents, that we, Bibb County.  } Harvey W. Shaw principal, and William Dibble and E. E. Brown securities, are held and firmly bound unto the Mayor and Council of the city of Macon, and their successors in office, in the just and full sum of two thousand dollars, for the true payment of which we jointly and severally bind ourselves, our executors and administrators firmly by these presents, sealed with our seals and dated this 24th day of December, 1852. The condition of the above obligation is such, that whereas the above bound, H. W. Shaw, has been elected principal Marshal of the city of Macon for the political year 1853, subject to be removed from office at any time by a vote of a majority of Council. Now if the said Harvey W. Shaw shall well and faithfully execute and discharge all the duties of his office as now imposed or may be hereafter imposed by the Mayor and Council aforesaid without favor or affection—then this obligation to be null and void, else to remain in full force and virtue.

[Signed,]          HARVEY W. SHAW, [L. S.]
                   Wm. DIBBLE,          [L. S.]
                   E. E. BROWN,          [L. S.]

Signed, sealed and delivered in presence of
David Reid, J. P."

Plaintiff objected to the introduction of said bond; the objection was overruled, and plaintiff excepted.

The defendant then introduced and read in evidence to the jury a special presentment for perjury, found by the grand jury of Bibb county against Harvey W. Shaw at the May Term, 1853, of Bibb Superior Court; said presentment alleging, that being sworn at said term of said Court to testify as a witness before said grand jury on a special presentment against John Chain, for playing and betting for money with cards, on the 8th May, 1853, in Bibb county; and that

he, as such witness, falsely swore that he did not see said Chain play for money with cards, and that he saw no money put up; whereas the said grand jury allege the contrary to be the truth. Said presentment against Shaw showed that no plea had been filed thereto and no action had been taken thereon. (The above being the substance of said present-ment; the setting out of the same in full is waived.)

Plaintiff's counsel objected to said presentment going in evidence, on the ground that it was irrelevant. The objection was overruled, and plaintiff excepted.

*Victor A. Menard,* introduced by defendant, who testified that he saw plaintiff play and bet at cards in the city of Macon, on the Sabbath day, whilst plaintiff was Marshal, and that John Chain was playing at the same time, and this in 1853, before the finding of said presentment; that he heard plaintiff say he had been summoned by the grand jury to appear before them and testify against some of the boys, and that the grand jury would find presentments against them.

This testimony was also objected to by plaintiff as irrelevant and illegal. The objection was overruled, and plaintiff excepted.

*Berry Rogers* was sworn for defendant, and testified, that he was a member of the grand jury which found the special presentment for perjury against plaintiff; that said present-ment was found because plaintiff swore he had not seen John Chain play with cards for money, as alleged in said presentment.

Plaintiff's counsel objected to the testimony of Berry Rogers as irrelevant and illegal. The objection was overruled, and plaintiff excepted.

Plaintiff's counsel requested the Court to charge the jury as follows:

1st. That if plaintiff was elected Marshal by the people of

Shaw vs. The City Council of Macon.

Macon for the year 1853, and discharged the duties of his office until June 1853, and was ready and willing to perform his duties for the balance of said year, but was prevented by being illegally dismissed by the defendant; plaintiff is entitled to recover.

2d. That the Mayor and Council could only discharge plaintiff from office for malpractice or neglect of duty. And notwithstanding the bond given by plaintiff when he entered upon the duties of his office, reciting that he was "subject to be turned out by a majority of Council at any time;" still the Mayor and Council had no right to discharge him except for malpractice in office or neglect of duty.

3d. That gambling by the Marshal within the corporate limits of the city, was neither malpractice in office nor neglect of official duty, and defendant had no right to turn plaintiff out for such gambling, even if plaintiff did make and sign the bond introduced in evidence.

4th. That the failure of plaintiff to prosecute persons who gambled in his presence, did not authorize the Mayor and Council to discharge him, unless he was notified so to prosecute by the Mayor or some member of Council.

5th. That the presentment by the grand jury for perjury did not authorize defendant to discharge plaintiff, and defendant cannot defend this suit on that ground, especially if it appears that such presentment did not constitute one of the charges against plaintiff at the time he was discharged, and he did not have an opportunity to defend himself against it.

The Court gave in charge the first request of plaintiff's counsel, but refused to give in charge the last four, to-wit: the 2d, 3d, 4th and 5th requests; to which refusals to charge plaintiff, by his counsel, excepted.

The jury found for the defendant. And plaintiff, by his counsel, tenders his bill of exceptions in said case, and assigns the following errors:

1st. The Court erred in admitting in evidence the bond given by plaintiff to defendant when he entered on the duties of his office.

2d. The Court erred in admitting in evidence the special presentment against plaintiff for perjury.

3d. The Court erred in admitting the evidence of Victor Menard.

4th. The Court erred in admitting the evidence of Berry Rogers.

5th. The Court erred in refusing to give in charge the 2d, 3d, 4th and 5th requests of plaintiff's counsel.

LANIER & ANDERSON, for plaintiff in error.

POE & GRIER, for defendant in error.

*By the Court.*—BENNING, J. delivering the opinion.

By the act of February 22d, 1850, amendatory of the charter of the city of Macon, it is provided that the Marshal of that city shall "hold his office for twelve months."

[1.] He, therefore, "is not subject to be removed from office at any time by a vote of a majority of Council;" and consequently, a recital in his official bond that he is subject to be so removed, is not true.

Therefore it was an error in the Court below to allow the official bond of the Marshal, containing such a recital, to be read in evidence.

[2.] The presentment not having passed into judgment, was no evidence at all of its own truth. It was manifestly, therefore, not admissible against the party presented, as evidence to show him to be guilty of the matter charged against him in the presentment.

The charter of the city of Macon passed in 1847, and also the act of 1852, amendatory of the charter, give to the Mayor and Council the power to dismiss the Marshal from office for malpractice in office, or neglect of duty.

The 31st section of the charter is in these words: "That it shall be the duty of the Marshal of the city, upon notice in writing from the Mayor, or any member of Council, to prosecute all the offenders against the laws of this State for crimes committed within the limits of the city of Macon. And in case any offence shall be committed within the presence of said Marshal, or within his knowledge, it shall be his duty to prosecute without such notice."

It is to be the duty of the Marshal to prosecute for offences committed "within his presence," whether notified to do so or not. And if he does not do so, the not doing so is, of course, to be a case of "neglect of duty."

There is no *law* that is in conflict with the part of this section that has this effect. It is not claimed that there is.

But it is claimed, that there is an ordinance of the Council, that is in conflict with this part of the section. That ordinance is as follows: "It shall be the duty of the Marshal, to prosecute before the Superior Court all offenders against the statute laws of this State, for crimes committed within the jurisdiction of the city of Macon. And if the Marshal shall fail or refuse so to prosecute, when notified so to do by the Mayor, he shall be removed from his office, unless a satisfactory excuse be given."

What the *charter*, then says, is, that the Marshal may be dismissed from office for neglect of duty; and that it is his duty to prosecute for offences committed in his presence, whether notified to do so or not; and this is saying that he *may* be dismissed from office for failing to prosecute for offences committed in his presence, although he may not have been notified to prosecute for them.

What the *ordinance* says is, that he *shall* be dismissed from office, if he fails to prosecute when notified to prosecute, unless a satisfactory excuse be given.

Now what the ordinance says, is certainly not necessarily repugnant in *letter* to what the charter says. Nor is it so in *spirit*. It may be quite proper that a Marshal shall be re-

moved from office *in every* case in which he fails or refuses to do his duty after a special notification to him to do it; and yet, also, be equally proper that he shall be removed from office in *some* cases in which he fails or refuses to do his duty, even though there has not been any notification to him to do it.

But unless what the ordinance says was *necessarily* repugnant to what the charter says, we ought not to hold that it was intended by its authors, the Mayor and Council, to be repugnant to what the charter says; for it is not to be presumed lightly, that any legislative body intends to curtail its own powers.

And then is it clear that this legislative body, the Mayor and Council, can curtail its powers, even when it intends to curtail them? The Legislature of to-day cannot pass a law derogatory to the powers of the legislature of to-morrow. Those powers come from too high a source, the people—so the powers of the Mayor and Council come from a higher source than themselves—come from the Legislature—a body which is as much above the Mayor and Council as the people are above it.

[3.] We do not think that this ordinance is in conflict with the part of the charter in question, and therefore we must think that that part stands fully operative.

It follows that, in our opinion, the Court below was right in refusing the *fourth* request to charge, of the plaintiff.

The second and fifth requests involve what was disposed of in the disposition made of the first two exceptions.

The third request was right, if the decision of this Court made in this case when the case was last before it was right; and we have not been asked to overrule that decision; nor do we see any reason to overrule it.

Thus it seems, that in our view, some of the exceptions are good. Therefore we think that there should be a new trial.

                                   Judgment reversed.