PEOPLE *ex rel.* LANE *v.* CASE *et al.,* Board of Town Auditors.

*(Supreme Court, General Term, Third Department.   July 2, 1892.)*

1. COMMISSIONER OF HIGHWAYS—ELECTION—LIMITATION OF TERM IN BALLOT.
    Where a term of office is fixed by statute at three years, the fact that the ballots used at the time of the election of the officer had printed thereon, immediately following his name, the words "2 years," cannot have the effect of curtailing his term.

2. PEREMPTORY MANDAMUS—CLAIM AGAINST TOWN—RIGHT TO AUDIT.
    A peremptory *mandamus* should not issue to compel a board of town auditors to audit a claim of a commissioner of highways for a judgment for legal services recovered against and paid by him in that capacity, where the record and pleadings fail to show that the services in question were necessary and proper, and that the board had passed upon the same.

Appeal from special term, Sullivan county.

Application by Michael Lane for a writ of *mandamus* to Benjamin Case and others, town auditors. From a judgment awarding a peremptory *mandamus,* defendants appeal.   Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*T. F. Bush,* for appellants.   *James L. Stewart,* for respondent.

HERRICK, J.   This is an appeal from a judgment awarding a peremptory *mandamus* against the defendants as the board of town auditors of the town of Forestburgh, directing them to audit and allow the sum of $89 for services rendered and disbursements made by the relator as a commissioner of highways, and also the sum of $107.20, being the amount of a judgment rendered against the relator in favor of one James L. Stewart for professional services as a lawyer, alleged to have been rendered by the said Stewart in and about the official business of the relator as commissioner of highways of the town of Forestburgh. At the spring election in 1885 one commissioner of highways was to be elected for the town of Forestburgh. The term of office was three years. At such election the relator and Benjamin Case were opposing candidates, and the only persons voted for at such election for said office. The ballots cast for said candidates were printed as follows:
"For Commissioner of Highways, (2 years.)
"MICHAEL LANE.
"For Commissioner of Highways, (3 years.)
"BENJAMIN CASE."

A majority of the votes cast at such election were cast for the relator, and the canvassers declared that he had been elected commissioner of highways for said town. At the annual town meeting held in said town in March,

1886, a resolution was passed by the electors pursuant to chapter 180 of the Laws of 1885, providing that the said town should have but one highway commissioner. At that time the relator was the only acting highway commissioner in said town. At the annual town meeting held in said town in March, 1887, two candidates were voted for for the office of commissioner of highways,—the relator and one Alex. Moore. Moore received a majority of the votes cast, and was declared elected by the board of town canvassers, and a certificate of his election was filed in the town clerk's office, and he executed and filed the bond required by law, and entered upon the discharge of his duties as commissioner of highways for said town. The relator also continued to act as commissioner of highways for the year following the said last election. At the annual meeting of the board of town auditors of said town held in November, 1889, the relator presented a claim for audit and allowance to said board for his services and expenditures made by him from and after the town meeting held in March, 1887, and also a claim for money paid in satisfaction of a judgment recovered against him by James L. Stewart for counsel and professional services as a lawyer rendered from and after the town meeting held in March, 1887. The claim for money paid in satisfaction of the judgment was not accompanied by the judgment roll nor the complaint, nor by any statement showing the necessity or propriety of the service rendered; neither does it appear whether such judgment was recovered upon confession, or after a trial upon the merits. The board of town auditors decided that the relator was not a commissioner of highways of said town during the time in which said claims were alleged to have accrued, and on that ground refused to audit said claims. In determining that the relator was not a commissioner of highways after the town meeting of March, 1887, I think the board of town auditors erred. He was elected in March, 1885, and the board seem to have thought that, because the ticket on which his name was printed had the words, "For two years," thereby his term of office was limited to two years, and expired in March, 1887, and that his place was filled at the election held at that time. It appears in the case that the vacancy to be filled at the town meeting in March, 1887, was a full term, —one caused by expiration of a full term of office, not one caused by death or resignation. The term of office of commissioner of highways is fixed by statute at three years, and neither the occupant of the office,—except by death or resignation,—the election officers, nor the electors, can shorten or lengthen such term of office. The statute fixes the term of office, not the electors. Whether the words on the ballot were placed there by design or mistake, no effect can be given to them. To do so would permit the act of the legislature fixing the term of office in any case to be nullified.

While the board of town auditors erred in the respect indicated, still I do not think a peremptory *mandamus* should issue against the defendants compelling them to audit and allow the claims in question. The relator has not established, so far as appears from the record before us, the absolute liability of the town for the whole or part of any one of the claims presented to the board. As to the judgment against him for legal services, it does not appear what those legal services consisted of, whether they were properly or necessarily rendered for him in the discharge of his duties as a commissioner of highways or not. The mere fact that there is a judgment against him, or that one against him has been paid by him, does not render it the absolute duty of the town to pay him the amount of it. So far as appears from the case before us, the defendants have not passed upon anything except the question as to whether the relator was a commissioner of highways during the time of the rendition of the services claimed for. The board of town auditors has the right, and it is their duty, to examine into the propriety and necessity of the employment of counsel in the discharge of his duties by the relator as commissioner of highways. To issue a peremptory *mandamus*

under the circumstances before us in this case would be to compel the audit of the relator's claims without any examination as to whether the expenses and disbursements claimed for were in fact made and incurred by the relator in the due and proper discharge of his duties as commissioner of highways, and also without any inquiry or examination as to whether the legal services for which judgment was obtained against him were properly and necessarily rendered for him in his official capacity. And there is nothing before us, as I have before stated, to determine the absolute liability of the town for any or either of the claims or any part of them. The relator should pursue his remedy by *certiorari*. *People* v. *Barnes*, 114 N. Y. 317, 20 N. E. Rep. 609, and 21 N. E. Rep. 739. The order and judgment directing the issuance of a peremptory *mandamus* should be reversed, with $50 costs and printing disbursements. All concur.