[Sac. No. 2234. Department Two.—July 27, 1916.]

## ALBERT M. ARMSTRONG, Appellant, v. BOARD OF EDUCATION OF THE CITY OF VALLEJO et al., Respondents.

PUBLIC OFFICES — TERM FIXED BY STATUTE — LACK OF POWER TO CHANGE.—When a term of office is fixed by statute, the appointing or the electing power may not change it. Such a change can be made only by a change of the statute.

ID.—SCHOOL LAW—APPOINTMENT OF CITY SUPERINTENDENT OF SCHOOLS —PROBATIONARY PERIOD.—Where the board of education of Vallejo, acting for what it conceived to be for the best interest of the public and its public schools, was unwilling to select any superintendent for a four-years' term of office,—manifestly for the reason that the qualifications of the applicants were, the board felt, not sufficiently known to it,—and appointed a person superintendent for the probationary period of one year, which the appointee accepted with full knowledge of the facts, if the board had no power to appoint for a term less than four years, instead of declaring that the incumbent shall hold office for the full term of four years, the courts will hold that the whole contract, having its origin in misapprehension and mistake, should be set aside under the dictates of public policy, as void, leaving the board of education free to exercise full powers in the matter of new or successive appointments.

APPEAL from a judgment of the Superior Court of Solano County. R. H. Latimer, Judge presiding.

The facts are stated in the opinion of the court.

Albert M. Armstrong, *in pro. per.,* for Appellant.

Frank R. Devlin, for Respondent.

HENSHAW, J.—Petitioner sued in the superior court for mandate requiring the defendants to restore him to the position of city superintendent of schools of the Vallejo City school district, and to pay him the salary attached to the position.

Judgment passed for defendants and petitioner appeals. The following facts are uncontroverted, and fairly show the nature of the controversy. Prior to the sixth day of July, 1911, petitioner sought from the defendant board of education an election or appointment at its hands as superintendent of

schools of the city of Vallejo. The personal defendants, as members of this board, explained to the petitioner that there were many applications for the position filed with the board, and that when they made their selection they would elect a city superintendent on probation for the period of one year and no longer. Petitioner was elected with this understanding, and under this agreement qualified and entered upon the performance of his duties as such superintendent. Before the expiration of the year differences had arisen; petitioner's fitness was in question; a hearing was had; testimony was taken, and upon June 26th, before the expiration of the one year, the board of education declared that they had investigated the matter of the qualifications of the petitioner, and as a result of their investigation were convinced that the public good and the welfare of the public schools demanded the suspension of the school superintendent, and further, that he should not be reappointed or re-elected to the office for the ensuing year, and, finally, that his entire connection with the school department be terminated. Notwithstanding this, the petitioner was paid the salary of his office for the full first year. Petitioner twice amended his complaint. Under the first two complaints he insisted merely that he had been re-employed for the second year. Upon his third amended complaint he took the position that he had been duly elected superintendent of public schools for the full period of four years by virtue of subdivision 2, section 1793, of the Political Code, which declares that city superintendents of public schools elected by city boards of education "shall be elected for a term of four years," and in this connection he argues that having thus been chosen for the full term of four years, the attempted removal of him from office by the board of education is without authority in law, which authority is found only under the provisions of sections 758–772 of the Penal Code.

This question, however, with other subsidiary questions in the case, as whether or not the superintendency of schools is an office and the incumbent an officer, whether or not this is in its essence an action to try the title to office, may all, for the purposes of this consideration only, be resolved in favor of petitioner's view, to the end that we may come to the one question in the case, which is both vital and of public moment, and that question may be thus stated: Under the facts shown was petitioner elected or appointed superintendent of schools

of the city of Vallejo for the period of four years as contemplated by law? Herein petitioner takes the position that he was duly elected superintendent of schools; that the law itself fixed his term of office, and that it was not within the power of the board of education to shorten that term at all or to deprive him of his office, save under proceedings for his amotion legally brought. Of course the cases are numerous which hold that when a term of office is fixed by statute the appointing or the electing power may not change the term, which can be done only by a change in the statute. Thus in *State* v. *Chapin,* 110 Ind. 272, [11 N. E. 317], it is held that the law having fixed the term of office of a judge, the Governor's commission could not extend that term of office nor the judge's tenure. To the same effect is *State* v. *Jeter,* 1 McCord (S. C.), 233, where it is held that the commission of a Governor is only evidence of the appointment of the office, and can have no effect upon its term, which must depend upon the provisions of the act creating the office itself. In *Shaw* v. *Mayor and Council of Macon,* 21 Ga. 280, the law fixed the term of marshal of the city for twelve months, and it was held that notwithstanding a recital in his official bond that he held it at the pleasure of the city council, he did not in fact do so, but held it by virtue of the law creating the term. And so, finally, in *People ex rel. Lane* v. *Case,* 64 Hun, 636, 19 N. Y. Supp. 625, the supreme court of New York declared that where the term of office is fixed by statute to be three years, the fact that the ballot used at the election of an officer to fill the office bore the words "two years" could not have the effect of abridging that officer's term. These cases, of course, announce nothing more than familiar principles of law. They have but a remote bearing upon the real question here presented. That question may better be stated under a recapitulation of the essential facts. The board of education of Vallejo, acting for what it conceived to be the best interest of the public and its public schools, was unwilling to select any superintendent for a four-years' term of office,—manifestly for the reason that the qualifications of the applicants were, the board felt, not sufficiently known to it. The board then proceeded to exercise a power which either it possessed or did not possess. That exercise took the form of appointing petitioner superintendent for the probationary period of one year, and there can be no doubt but

that he accepted the appointment with full knowledge of all these facts. If the board had the power, there is, of course, an end to the question. If it had not the power, then certainly it is a power which might very well be conferred upon such boards. It would manifestly make for the public welfare if boards could do precisely as this board did,—name an incumbent to the office for a limited period, in order that at the end of that period they might judge of his qualifications for selection for a full ensuing term. Other cases where this power might probably be exercised will readily present themselves to mind, as where, for example, the services of one known to be admirably qualified for the position are not immediately available and a temporary appointment is made to bridge the time until the services of the desired man can be obtained. But apart from all this, what should be the conclusion, if it be said that the board was without power to do as it did? Only under the strongest compulsion of the law itself would it ever be held that one obtaining nominal title to an office under such circumstances should be held to have been chosen for the full term. Such, clearly, was not the contract or understanding of the parties. What, then, should be the holding when such a situation is shown, a situation which, it is to be remembered, is not at all identical with that of a mistake in a private contract between individuals? The whole question is controlled by considerations of public welfare, and instead of declaring that under such circumstances and under such a mistake the incumbent has slipped into office for a full term, it will be held that the whole contract, having its origin in misapprehension and mistake, will be set aside under the dictates of public policy as void, leaving the board of education free to exercise its full powers in the matter of a new or successive appointment. And such is the view of the New York court of appeals in *People* v. *Hall*, 104 N. Y. 170, [10 N. E. 135], where, under a similar contention and a like effort to hold an office, the appointment to which was made by mistake, that court said: "There are certainly very strong reasons, founded in public policy, against permitting a person to claim and hold a public office in such a case and under such circumstances as are disclosed in this record, against the intention, and through the mere mistake, of the appointing power as to the existence of extrinsic facts, supposed to exist, and which, if they had

existed, would have rendered the appointment valid according to its terms. It might very well be that the public interests would, in the judgment of the mayor and common council, require a different appointment for a full term than for a temporary period."

The judgment appealed from is therefore affirmed.

Lorigan, J., and Melvin, J., concurred.

Hearing in Bank denied.