[Civ. No. 121. Fourth Appellate District.—October 8, 1930.]

BEN McCALL ALDRICH, Respondent, v. CHINO SCHOOL DISTRICT, Appellant.

George H. Johnson, District Attorney, and James L. King, Deputy District Attorney, for Appellant.

Isaac Jones for Respondent.

BARNARD, J.—The plaintiff herein was employed by the defendant School District as superintendent of schools under a contract which covered a period ending July 1, 1929. On April 24, 1928, he received a telegram from the clerk of the school board, stating that the board was ready to elect his successor, if satisfactory to him, and asking him to wire his resignation to take effect August 1st. On the same day, he replied in part as follows: ''This with general run down condition makes it necessary for me to resign, effective, August first.'' It is not shown that these messages were called to the attention of the board of trustees of defendant District, and, so far as shown by the record, the board took no action in reference to the resignation of the plaintiff, or in reference to terminating his employment. About June 1, 1928, the plaintiff left the Chino School District and was gone all of June and July, except one day in June and

except the last one or two days of July. His salary was paid for the month of June, but was not paid for the month of July, and this action was brought to recover the same.

In addition to the facts above stated, the court found that the plaintiff, during the month of July, 1928, communicated with the secretary of the school and kept her informed as to where he was; that this information was available at all times to the defendant School District and its board of trustees; that this was the vacation period of the school; that the School District and its board of trustees made no request of plaintiff to return or to perform any service, and made no protest because of his absence; and that plaintiff performed no service as such superintendent during the month of July, 1928, except the writing of two letters of instructions to the secretary of the school. The court found as conclusions of law, that by reason of the provisions of subdivision fifth (g) of section 1609 of the Political Code, as amended in 1927, the resignation of plaintiff was ineffectual and void; that the plaintiff abandoned his contract of employment on August 1, 1928, and such abandonment was acquiesced in by the defendant School District; and that plaintiff was entitled to judgment for his salary for the month of July, 1928. From the judgment that followed the defendant has appealed.

Two points are raised by the appellant, the first being that by reason of the provisions of subdivision fifth (g) of section 1609 of the Political Code, the resignation of respondent became effective at the close of the school year, to wit, on June 30, 1928. The code section referred to provides as follows:

"Boards of school trustees, and city, and city and county boards of education shall have power and it shall be their duty:

"Fifth (g) To accept the resignation of any employee and to fix the time when such resignation shall take effect, which date shall not be later than the close of the school year during which such resignation shall have been received by such board."

Appellant assumes that the school board accepted respondent's resignation, and since there is no evidence that the board fixed any date when the resignation should become effective, it is argued that it must be presumed that the

school board performed its duty and fixed the effective date thereof as of the close of the school year, on June 30, 1928. It is further argued that if the school board accepted the resignation as of August 1, 1928, this act was beyond their power and void, leaving the matter as though the board had not acted at all, in which case the resignation became effective by operation of law, upon the close of the school year. If it be assumed that the telegram sent by respondent constituted a resignation, the record is devoid of evidence to show that such resignation was ever accepted by the board, or any date fixed when the same should become effective. If respondent resigned, it was conditioned to take effect August 1st. In the absence of evidence, it can neither be assumed that the resignation was accepted, nor assumed that the effective date thereof was changed without the consent of respondent or notice to him.  ▮▮  The board had no power, under the code section above quoted, to accept the resignation as of August 1st (see *Armstrong* v. *Board of Education,* 173 Cal. 217 [160 Pac. 414]), but neither did it have power to arbitrarily change the date of the resignation from August 1st to June 30th, without notice to the respondent. Nor does that result follow by operation of law. The most that could be claimed for the code section above quoted, is that it authorizes the board to fix the date when a resignation shall take effect, regardless of the date named in the resignation itself. Even then, it could hardly be argued that the board would have such a right, without the duty and obligation of notifying the employee of the date fixed by it.  ▮▮  But nothing in that section can be construed as fixing the date of a resignation by operation of law, in the absence of any action by the board. We are of the opinion that it cannot be held, as a matter of law, that the purported resignation under consideration took effect on June 30th.

▮▮  The second point urged by appellant is that the evidence does not sustain the court's finding that respondent's contract with appellant was mutually abandoned by both parties on August 1, 1928, it being also argued that since the attempted resignation was void, an abandonment of the contract took place on June 1, 1928, when respondent went away, and was acquiesced in by the appellant as of that date. We find no evidence in the record to support the finding that the contract was mutually abandoned on Au-

gust 1, 1928. On the other hand, there is evidence to sustain the court's findings that respondent had a contract of employment with the appellant board, which did not expire until July 1, 1929; that respondent performed certain services under said contract, during the month of July, 1928; and that no protest was made by the board because of respondent's absence and no request made to him to return, or to perform services other than those which he did perform. In addition to the evidence of specific work performed during that month by the respondent, there was evidence that in the six previous years of his service it had been respondent's custom to absent himself during the vacation months, and that he was only required to leave his address in case the board wanted to get in touch with him during that period. There was also evidence that no duties were required of him by the board or by his contract, during this month of July, that he did not perform. ▆ Under these circumstances, the fact that there is no evidence of an abandonment of the contract on August 1, 1928, is immaterial. Whether this contract was abandoned August 1, 1928, or whether it is still in full force and effect is of no importance in this action. The only question here involved is whether or not it was in effect during the month of July, 1928. There having been no effective resignation prior to July, and there being no evidence of any dissatisfaction with respondent's services, and no evidence of any action on the part of the board looking toward the termination of his employment, his contract remained in force, and the findings of fact made by the trial court are sufficient to sustain the judgment, which covers his salary for that particular month.

▆ It has, however, been held that in such an action as this, recovery by the plaintiff depends upon whether or not there were, at the time the services were rendered, available funds of the district out of which the amount due for the services could be paid. (*Higgins* v. *San Diego*, 118 Cal. 524 [45 Pac. 824, 50 Pac. 670]; *Buck* v. *City of Eureka*, 124 Cal. 61 [56 Pac. 612]; *Martin* v. *Fisher et al.*, 108 Cal. App. 34 [291 Pac. 476].) The record here shows no evidence or finding upon that point.

The judgment is therefore reversed, with instructions to the trial court to take evidence upon the one question, whether or not there were on August 1, 1928, available

funds belonging to the appellant District, out of which respondent's salary for the month of July, 1928, could be paid; and with the further instruction to then render judgment for or against the respondent, depending upon its finding upon that question.

Marks, Acting P. J., concurred.

Cary, P. J., being absent, took no part in this decision.