[Civ. No. 1333. Fourth Appellate District.—March 1, 1935.]

KARL W. MITCHELL, Respondent, v. THE BOARD OF TRUSTEES OF VISALIA UNION HIGH SCHOOL DISTRICT et al., Appellants.

66

Walter C. Haight and Leroy McCormick for Appellants.

W. R. Bailey for Respondent.

BARNARD, P. J.—The Visalia High School District operates a school known as the Visalia Union High School and Junior College and also operates an evening high school. The petitioner was employed by the respondent district as a teacher and taught commercial subjects in the first named school for seven consecutive years, ending with the school year 1932–1933. During most of this time he received $2,700 a year for such services but during the year 1932–1933 he was paid $2,500 in accordance with a uniform ˚cut imposed that year upon all teachers in the school. During the same seven years he also taught a class in accounting in the evening high school for four hours per week, receiving therefor $1.75 per hour. In May, 1933, the petitioner was informed that his services were no longer required and when he presented himself at the beginning of the next school year he was informed that he would not be permitted to teach. No contention is here made that any particular kind of service in the district had been discontinued or that there had been any decrease in attendance.

The petitioner applied for a writ of mandate, setting forth two causes of action in his petition. The first of these related to his employment in the high school and junior college and the second to his employment in the evening high school. The prayer was for an order restoring and reinstating him to his position and employment as a permanent teacher of commercial subjects in the high school and junior college and for a further order restoring and reinstating

him as a permanent teacher of accounting in the evening high school. The court found in his favor and entered a judgment ordering a peremptory writ of mandate to issue requiring the respondents to restore and reinstate the petitioner to his position as a permanent teacher of commercial subjects in the high school and junior college and to his position as a permanent teacher of accounting in the evening high school, and further requiring them to pay his accrued salary and accrued compensation in the two positions. From this judgment the respondents have appealed.

The first point raised is that a finding to the effect that a purported resignation signed by the petitioner on May 16, 1932, was the result of menace, was involuntary and was coercively exacted from the petitioner, is not supported by the evidence and is contrary to law. An understanding of this point requires a statement of certain additional facts. It appears from the evidence and the findings that for some years the respondent board had pursued the practice each year of taking and accepting resignations from such teachers as would otherwise be entitled to a permanent status, the said resignations being so worded as to become effective at the close of the next succeeding school year and the same being required as a condition of such teachers being retained for the following year. In pursuance of this plan, on May 16, 1932, the petitioner was asked to sign and did sign such a resignation as of that date but to become effective on June 10, 1933. Similar resignations were secured at that time from twenty teachers in said high school, and on May 23, 1932, the respondent board adopted a resolution purporting to accept all of said resignations to take effect on June 10, 1933. On May 10, 1933, the petitioner was notified that his said resignation had been accepted and that his services would not be required after the close of that school year.

It may first be observed that the respondent board had no power to accept this resignation as of June 10, 1933. (*Aldrich* v. *Chino School District,* 109 Cal. App. 14, 15 [292 Pac. 271].) It was dated and delivered on May 16, 1932, and accepted on May 23, 1932, and section 5.640 of the School Code provides that such a board shall have power to accept the resignation of any employee and affix the date when such resignation shall take effect, provided that such

effective date shall not be later than the close of the school year during which such resignation shall have been received.

A further and more important consideration is that these resignations were required and accepted as a mere subterfuge in an obvious attempt to evade the tenure provisions of the statutes. The president of the respondent board testified frankly that the resignations were taken for this purpose and with the object of preventing teachers from acquiring a permanent status. The petitioner had served the probationary period of three full years and no notice of dismissal was given in accordance with section 5.681 of the School Code. On the contrary, he was reelected and under the plain provisions of the statute he acquired status as a permanent teacher. (*La Shells* v. *Hench,* 98 Cal. App. 6 [276 Pac. 377]; *Grigsby* v. *King,* 202 Cal. 299 [260 Pac. 789]; *Owens* v. *Board of Education,* 68 Cal. App. 403 [229 Pac. 881]; *Chambers* v. *Davis,* 131 Cal. App. 500 [22 Pac. (2d) 27].) Not only was this purported resignation an involuntary one which was coercively exacted from the petitioner but such an admitted attempt to evade and circumvent the law could not be upheld in any event and without further analysis or citation of law, it may be said that the trial court was correct in holding the same void and ineffective.

While that part of the judgment appealed from which orders the petitioner reinstated as a permanent teacher in respondent district was correct in general, we think it went too far in one respect. The order was to restore the petitioner "to his position and employment as a permanent teacher of commercial subjects in the Visalia Union High School and Junior College". In *Cullen* v. *Board of Education,* 126 Cal. App. 510 [15 Pac. (2d) 227, 16 Pac. (2d) 272], the court said:

"But we should not be understood as holding that this right of tenure guarantees that a teacher must be retained in any particular school or assigned to teach any particular class or classes. This right of tenure is a right which the teacher enjoys to continue in the position or positions to which he has become elected under the statute—i. e., in a position or positions of a rank and grade equivalent to that occupied for the probationary period and to which the teacher has thus become 'elected' under the statute."

■ There is nothing in the tenure of law which interferes with the general power and right of a board of education to assign teachers to particular classes and to particular schools in accordance with its judgment and desire reasonably exercised. A teacher, in acquiring a permanent status, does not thereby acquire a vested right to teach any certain class or in any certain school. While a board would have no right to evade the plain meaning of the tenure act by assigning a teacher to a class of work for which he was not qualified, for the purpose of compelling his resignation, it has the power to reasonably change assignments with respect to a permanent teacher so long as the work assigned is of a rank and grade equivalent to that by which the permanent status was acquired and so long as the assignment is one for which the teacher in question is qualified. We think the order here in question should be so modified as to permit the respondent board to assign the petitioner to any class which he was qualified to teach and of a rank and grade similar to the work done by him during his probationary period, whether or not such a class is one in a commercial subject.

■ It is next urged that the court erred in holding that the salary paid the petitioner for the preceding year should prevail for the year 1933–1934. It fully appears that no general salary cuts were made by the board for the year 1933–1934 and that the other teachers were paid the same salary for that year as for the preceding year. Petitioner's employment continued by operation of law and in the absence of any evidence of a change made by the board it must be presumed that the salary continues the same. Under the circumstances which appear in the evidence the court was warranted in so holding.

■ Finally, it is urged that the court erred in ordering that the petitioner be reinstated and permitted to teach accounting in the evening high school for four hours a week and that he should be paid an additional amount therefor. In effect, the petitioner seems to contend that he acquired one position as a teacher in the regular high school and another and different position through his work in the evening high school. In *Cullen* v. *Board of Education, supra,* the court was inclined to hold that teaching part of the time in a day school and part of the time in an evening school con-

stituted but one position. In denying a hearing the Supreme Court withheld its approval of that proposition. It is unnecessary to decide that question here since this petitioner had, in any event, acquired permanent status as a full-time teacher in the day school. While section 5.500 of the School Code provides for permanent status upon election after employment for three consecutive school years "in a position or positions", we cannot see that including the plural in this provision is of any importance where a permanent status as a full-time teacher has been acquired through teaching in one position in one kind of school. Having thus acquired a permanent status, a teacher may not be dismissed except in certain cases, with which we are not here concerned.

While a permanent status may be acquired through service in one or more positions, we think the status when acquired cannot apply or relate to anything in excess of the regular and ordinary full-time employment of a teacher. We take it that these tenure laws, at most, give to a teacher a right to continue in full-time employment without arbitrary dismissal, and that they were not intended to apply to or cover any extra work which goes beyond the usual full-time employment. The purpose of the act is to give security in employment and to prevent dismissal without cause, and not to give a vested interest in certain classes, certain hours, or even in a certain salary. The additional work done by this petitioner was in the nature of extra work for extra pay and while it amounted to an increase in salary on condition of putting in extra time, it added nothing to his status as a permanent teacher under the tenure act. Any such additional work for additional pay does not come within the provisions of the act and any discontinuance thereof does not violate the essential provision that a teacher having a permanent status shall not be arbitrarily dismissed. For these reasons, we think the court erred in that part of its judgment which provided that the petitioner should be reinstated in so far as teaching a class in accounting in the evening high school in this district at an additional compensation.

That part of the judgment ordering the respondents "to immediately reinstate and restore said petitioner to his position and employment as a permanent teacher of commercial subjects of the Visalia Union High School District in the

Visalia High School and Junior College'' is modified by striking therefrom the words ''of commercial subjects'' and, as so modified, is affirmed; that part of the judgment ordering the respondents to pay to the petitioner the accrued and overdue payments on his salary as a permanent teacher is affirmed; and that part of said judgment ordering the respondents to reinstate and restore the petitioner to his position and employment as a permanent teacher of accounting in the evening high school and to compensate him therefor is reversed. Each party shall pay his own costs.

Marks, J., and Jennings, J., concurred.