[Civ. No. 11439. Second Appellate District, Division Two.—July 26, 1937.]

MONTAGUE CLEEVES, Appellant, v. BOARD OF EDU-CATION OF THE CITY OF LOS ANGELES et al., Respondents.

S. S. Hahn, E. H. Delorey, Ray C. Eberhard and Tanner, Odell & Taft for Appellant.

Everett W. Mattoon, County Counsel, and S. V. O. Prichard and William B. McKesson, Deputies County Counsel, for Respondents.

WOOD, J.—Plaintiff appeals from a judgment of the superior court denying his petition for a writ of mandate by which he sought to compel the respondent Board of Education to fix the time of his services at not less than five hours per day and his salary at $304 per month and to pay his full salary at this figure for the three years immediately preceding the filing of his petition.

Plaintiff is a permanent employee of the school districts governed by respondent board and occupied the status of permanent employee at the beginning of the school year 1932–1933. In addition to employing a large number of teachers respondent board conducts a health section and on July 1, 1932, employed in the health section 155 physical inspectors consisting of 44 physicians, 21 dentists, 86 nurses, 2 oculists and 2 optometrists. Plaintiff is one of the physicians employed in the section. At the beginning of the school year 1932–1933 a general reduction of ten per cent was made in the salaries of all employees of the school districts in question. Before that time the physical inspectors had rendered services of five hours per day for five days a week for ten calendar months of each year and had received compensation at the rate of $304 per month. At the time of the general reduction mentioned changes were made in the school system and the time of the physical inspectors was reduced so that they were employed four hours per day and their compensation fixed at $200 per month. From this sum ten per cent was subtracted with the result that the compensation of the plaintiff and those occupying similar positions was reduced to $180 per month. In 1934 the salaries of those occupying these positions were increased to $200 per month. After the reduction was made in the salaries of the physical inspectors a number of probationary employees were retained and permitted to become permanent employees and additional probationers were employed.

Plaintiff bases his petition for a writ of mandate upon the claim that the reduction in the salaries of the employees of the health section was much greater than was the reduction in the salaries of the teachers and other employees of the

school system and is discriminatory, unreasonable and void and in violation of his vested rights as a permanent employee. The Board of Education had the authority to change the hours and compensation of the physical inspectors provided this power was reasonably exercised and no attempt was made to reduce the salaries for any particular year after the beginning of the school year. The legislature has given employees of the school districts security in employment, providing that there be no dismissal without cause, but it did not give them a vested interest in certain classes, certain hours, or certain salaries. (*Abraham* v. *Sims*, 2 Cal. (2d) 698 [42 Pac. (2d) 1029]; *Mitchell* v. *Board of Trustees*, 5 Cal. App. (2d) 64 [42 Pac. (2d) 397]; *Fidler* v. *Board of Trustees*, 112 Cal. App. 296 [296 Pac. 912].) The board unquestionably had authority to make alterations in the hours and compensation of plaintiff provided the alterations made were not arbitrary or unreasonable. The question whether the action of the board was arbitrary or unreasonable was primarily for the determination of the trial court. In the present action the trial court found that the action of the Board of Education was not arbitrary, discriminatory or unreasonable. We find nothing in the record to justify plaintiff's contention that these findings are not sustained. Nothing is contained in the School Code prescribing a minimum day for physicians employed in the health section. The number of hours which physicians may be required to work must depend upon the needs of the particular school district involved. It is an administrative problem which, subject to the rule of reasonableness, must be left to the governing board. The physician inspectors are allowed to carry on the private practice of their profession and this might be cited as an important factor in fixing the hours which were required by the school district and in fixing the compensation for their work. It is difficult to make comparison between the hours and compensation of the physicians who work part time and the hours and compensation of the teachers who are required to devote full time to the interests of the school district.

 Counsel for petitioner refer to the action of the board, after the reduction in his salary, in retaining certain probationary employees and allowing their status to become permanent and cite the case of *Lotts* v. *Board of Park Commrs.* 13 Cal. App. (2d) 625 [57 Pac. (2d) 215, 219], as sustaining

their contention that such action entitles plaintiff to compensation at the rate fixed prior to the reduction. There is little similarity between the facts of the Lotts case and those of the case now before us. In the Lotts case the governing board transferred civil service employees from full-time positions to half-time work and proceeded to fill the vacated full-time positions with others. It is to be noted that the court said: "We do not dispute the right of the board to reduce the salaries or the hours of labor of all park department employees within a given classification."

The judgment is affirmed.

Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 18, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 23, 1937.