Filed 9/19/14  Mouradian v. Jehdian CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANDRANIK MOURADIAN et al., | B251932 |
| Plaintiffs and Respondents, | |
| v. | (Los Angeles County Super. Ct. No. EC060154) |
| MICHAEL V. JEHDIAN et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of Los Angeles County, David Milton, Judge.  Affirmed.

Kaufman Borgeest and Ryan, Jeffrey S. Whittington and Robert J. Hudock for Defendants and Appellants.

No appearance for Plaintiffs and Respondents.

## I. INTRODUCTION

Defendants, Michael V. Jehdian, Law Offices of Michael V. Jehdian and Law Offices of Michael V. Jehdian, APC, moved to compel arbitration against a former client, Andranik Mouradian (Mr. Mouradian). Defendants also sought to enforce the written arbitration agreement against several nonsignatory plaintiffs, Lucy Mouradian, Arous Mouradian and Albert Shamamian. The trial court granted defendants' motion to compel arbitration as to Mr. Mouradian but stayed the matter as to the nonsignatory plaintiffs' sole claim for attorney malpractice. Defendants appeal from the order staying the nonsignatory plaintiffs' attorney malpractice claim until after arbitration. Defendants argue the nonsignatory plaintiffs should have been ordered to arbitrate their attorney malpractice claim. We affirm the order.

## II. BACKGROUND

### A. Complaint

On February 4, 2013, plaintiffs filed a complaint against defendants. The complaint alleges in May 2012, Mr. Mouradian retained defendants to represent him in a Chapter 7 bankruptcy matter. Mr. Mouradian signed a fee agreement and paid defendants a retainer fee of $2,000. Mr. Mouradian contacted defendants to discuss the bankruptcy proceeding but was transferred to defendants' office assistant, Karine Manvelian. Later, Ms. Manvelian visited Mr. Mouradian to have him sign necessary documents to file the bankruptcy petition. Mr. Mouradian disclosed he had transferred property to his daughters, Lucy and Arous Mouradian in July 2009. Mr. Mouradian asked whether this transfer of property would affect the bankruptcy proceedings about to be commenced. Ms. Manvelian allegedly advised Mr. Mouradian he did not have to disclose the transfer of property in his bankruptcy filings. Relying on Ms. Manvelian's guidance, Mr. Mouradian signed all the documents she provided him that day. Later

2

Mr. Mouradian was assured by defendants and Ms. Manvelian that the transfer of property to his daughters would not pose a problem. On May 6, 2012 defendants filed a Chapter 7 bankruptcy petition on behalf of Mr. Mouradian. On September 18, 2012, the bankruptcy trustee filed an action against Arous and Lucy Mouradian seeking to set aside the property transfer as a fraudulent conveyance. Arous and Lucy Mouradian were forced to obtain counsel to defend this action. To settle the matter, plaintiffs agreed to pay the bankruptcy trustee $137,500 to keep the property.

Plaintiffs allege defendants committed legal malpractice. Plaintiffs allege defendant was negligent and careless in representing Mr. Mouradian by failing to calculate the proper time to file the bankruptcy action. Defendants' negligence caused Arous and Lucy Mouradian to be named in a complaint filed by the bankruptcy trustee alleging fraudulent conveyance of the property. Plaintiffs were forced to defend the action resulting in a $137,500 settlement with the bankruptcy trustee. Plaintiffs also allege causes of action for contract and fiduciary duty breach.

## B. Defendants' Motion To Compel Arbitration

Defendants moved to compel arbitration against all plaintiffs pursuant to the legal service agreement with Mr. Mouradian. Section 11 of the agreement contains the following arbitration provision: "The parties agree that if any dispute should arise between Client and Attorney regarding services performed or Client-Attorney relationship, including, but not limited to, alleged malpractice or other negligent acts or omissions, breach of fiduciary duty, fraud, or violation of statute or code or public policy, or any other form of alleged injury, then such dispute shall be resolved by final, binding arbitration in Los Angeles County, California before a retired judge, justice or neutral party affiliated with ADR Services in Los Angeles. If ADR Services in unwilling or unable for any reason to provide an arbitrator, then JAMS shall be substituted for ADR Services. Either side may make a written demand for arbitration. If the parties are unable to agree to an arbitrator within five days of the written demand for arbitration,

each side will name one arbitrator . . . within five days thereafter, and the two named persons will select, within five additional days, a third who will act as the sole arbitrator. If either side fails or refuses to name an arbitrator as set forth above, the arbitrator identified by the other side shall conduct the arbitration." Defendants argued the arbitration provision in the legal services agreement may be enforced against the nonsignatory plaintiffs under the equitable estoppel doctrine. Defendants contended the nonsignatory plaintiffs' claims arose out of the legal services agreement and were founded in and intertwined with the services provided under the agreement.

In opposition, plaintiffs argued Mr. Mouradian signed the legal services agreement only with the corporate defendant, Law Offices of Michael V. Jehdian, APC, not with Mr. Jehdian. Plaintiffs contended defendants' motion should be denied because arbitration might result in conflicting or inconsistent rulings. In addition, they argued equitable estoppel principles did not apply because the nonsignatory plaintiffs did not benefit from the legal services agreement. Plaintiffs asserted the nonsignatory plaintiffs' sole claim was for legal malpractice based on negligence, for which a contract is not required or relied upon. The nonsignatory plaintiffs stated they did not assert any claims for contract or fiduciary duty breach that rely on the terms of the legal services agreement.

## C. Trial Court's Ruling

On September 6, 2013, the trial court granted in part defendants' motion to compel arbitration. Mr. Mouradian was ordered to arbitrate his claims with defendants. The nonsignatory plaintiffs' legal malpractice claim was stayed until after the arbitration had concluded. The trial court ruled: "Pursuant to [Code of Civil Procedure] section 1281.2[, subdivision] (c), and the representations of plaintiffs in the opposition, this matter is stayed as to the sole cause of action asserted by the nonsignatory plaintiffs, Lucy Mouradian, Arous Mouradian and Albert Shamamian, the first cause of action for attorney malpractice, until an arbitration has been had according to this order."

4

## III. DISCUSSION

On April 3, 2014, we requested the parties brief whether defendants' failure to provide a settled statement of the September 6, 2013 hearing warrants affirmance based on the inadequacy of the record. On June 27, 2014, defendants filed a supplemental brief in response to the order. Defendants argue this court has been provided with more than an adequate record because they included all relevant documents in their appellants' appendix. They assert there was no court reporter at the September 6, 2013 hearing. But defendants fail to provide this court with an agreed upon or settled statement.

Without a proper record, we cannot determine what happened at the September 6, 2013 hearing. In numerous situations, courts have refused to reach the merits of an appellant's claims where no reporter's transcript of a pertinent proceeding or a suitable substitute has been provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [hearing to determine whether counsel was waived and minor consented to informal adjudication]; *Boeken v. Philip Morris, Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [attorney fee award affirmed where trial transcript not provided]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent Etc. Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v. Landi* (1985) 163 Cal.App.3d 383, 385 [order denying preliminary injunction dissolution affirmed based on lack of reporter's transcript]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230

5

Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].) We affirm the September 6, 2013 order based on defendants' failure to provide an adequate record.

## IV.  DISPOSITION

The order under review is affirmed.  Plaintiffs, Lucy Mouradian, Arous Mouradian and Albert Shamamian, shall recover their costs, if any, incurred on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

MINK, J.[*]

---

[*]Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.