[Civ. No. 23471.   First Dist., Div. Two.   Apr. 17, 1967.]

ELOISE ADELT, Plaintiff and Appellant, v. RICHMOND SCHOOL DISTRICT, Defendant and Respondent.

Eloise Adelt, in pro. per., Treuhaft & Walker and Doris Brin Walker for Plaintiff and Appellant.

John A. Nejedly, District Attorney, and Saul Fishman, Deputy District Attorney, for Defendant and Respondent.

AGEE, J.—Plaintiff appeals from the judgment denying her petition for writ of mandate to compel respondent Richmond School District to reinstate her as a tenured teacher of the fourth grade at Woods Elementary School and to award her back pay.

From 1958 through 1963, appellant was employed as a fourth grade teacher at Woods Elementary School. In 1962 she applied for and was granted a sabbatical leave of absence for the school year 1963-1964. During her sabbatical leave, appellant attended Los Angeles State College and traveled around the world.

On return from her leave, appellant was informed that she had been transferred for the school year 1964-1965 to respondent's Alvarado School, to teach the fifth-sixth grade. Although dissatisfied, she taught at her new assignment for a time. Then, after an unsuccessful attempt to have respondent transfer her back to Woods Elementary School, she resigned under protest.

In opposition to the petition, respondent filed the affidavit of James Merrihew, its district superintendent. Said affidavit (to which were attached several relevant exhibits) expanded upon appellant's statement of the facts and denied the wrongdoing alleged in the petition.

At the time of the hearing on the petition, neither party offered any evidence. The trial court based its determination on "the petition of Eloise Adelt, . . . and the return thereto of the respondent Richmond School District, et al."

Appellant did not object to treating the affidavit as a "return" to her petition or to submitting the case on the documents alone.

▮▮ Under these circumstances, the affidavit of James Merrihew, together with attached exhibits, "although not conforming to standard practice, must, in the absence of objection made by appellant at the time of the hearing, be construed both as an answer to the petition for a writ of mandate and as evidentiary matter relating to the issues raised by the petition." (*Felice* v. *City of Inglewood* (1948) 84 Cal.App.2d 263, 265-266 [190 P.2d 317]; see also: 3 Witkin, Cal. Procedure (1954) Extraordinary Writs, § 65, p. 2559.)

Thus, appellant's belated contention that the affidavit was not a proper answer and that the record on appeal properly consists only of the petition is unfounded.[1]

SECTION 13462 OF THE EDUCATION CODE

Section 13462 of the Education Code provides: "At the expiration of the leave of absence of the employee, he shall, unless he otherwise agrees, be reinstated in the position held by him at the time of the granting of the leave of absence."

The essence of appellant's contention is that, when she returned from her sabbatical leave, she was entitled to teach the fourth grade at Woods Elementary School, i.e., to be reinstated in the *specific* assignment she had held formerly.

There is no dispute that appellant is a duly certificated and tenured elementary school teacher (as opposed to either a secondary school teacher or a junior college teacher, both of which require different certification). By virtue of this certification, appellant is qualified to teach "in any elementary

---

[1] Moreover, appellant herself filed an affidavit in opposition to that of James Merrihew; and she requested both his affidavit and her response thereto to be included in the clerk's transcript on appeal.

school, in grades seven and eight of any junior high school . . ." (Stats. 1959, ch. 2, p. 912, § 13136).[2]

Likewise, there is no dispute that appellant's assignment to teach the fifth-sixth grade at Alvarado School is within the scope of her certification as an elementary school teacher.

If appellant had not taken a sabbatical leave during the school year 1963-1964, but had continued to teach for respondent district, presumably the fourth grade at Woods Elementary School, she could not contend that her transfer for the school year 1964-1965 was improper.

■ A tenured school teacher, such as appellant herein, has a vested right to permanent employment, subject to those provisions of the Education Code regulating its termination (Ed. Code, §§ 13401-13470). However, the permanent employment protected is *employment within the scope of the certificate under which tenure was acquired.*

■ Subject only to the requirement of reasonableness, a school district is entitled to assign teachers anywhere within their certificate, according to the needs of the district. *Tenure does not bestow on the school teacher a vested right to a specific school or to a specific class level of students within any school.* (*Kennedy* v. *Board of Education* (1890) 82 Cal. 483, 492 [22 P. 1042]; *Loehr* v. *Board of Education* (1910) 12 Cal.App. 671. 673-676 [108 P. 325]; *Cullen* v. *Board of Education* (1932) 126 Cal.App. 510, 513 [15 P.2d 227, 16 P.2d 272]; *Mitchell* v. *Board of Trustees* (1935) 5 Cal.App.2d 64, 68-69 [42 P.2d 397]; *Hodge* v. *Board of Education* (1937) 22 Cal.App.2d 341, 344 [70 P.2d 1009].)

If appellant is correct in her interpretation of section 13462 of the Education Code, then the Legislature has conferred on her a greater right than she would have had if she had not taken a sabbatical leave.

Respondent, on the other hand, offers the more reasonable interpretation. Section 13462 guarantees that the school teacher will be reinstated in an assignment that is within the scope of the certificate under which the teacher was employed at the time the leave of absence began.

■ Appellant bases one of her major arguments on the fact that she has taken a *sabbatical* leave. Since the Legislature has provided for such leaves (Ed. Code, § 13457), she

---

[2]This section of the Ed. Code was replaced on January 1, 1964 by § 13190, which now defines the scope of teaching for which a holder of an elementary certificate may be employed. Section 13187.1 preserves the repealed code section for those certificates earned prior to January 1, 1964.

maintains there must be a legislative policy to encourage them. She concludes, therefore, that her interpretation of section 13462 more adequately fosters this alleged purpose.

However, section 13462 governs reinstatement on return from *any* leave of absence, regardless of the specific reason for which it was granted. Thus, appellant's attempt to relate this *general* code section to a *specific* type of leave (sabbatical), and to any legislative purpose attached thereto, is of doubtful validity.

As seen above, appellant *was* assigned within her elementary certificate for the school year 1964-1965. Thus she was accorded the same employment standing she would have enjoyed if she had taught for the school year 1963-1964. There is no reason to suppose that section 13462 demands any more than this.

## REASONABLENESS OF THE TRANSFER

Failing in her contention that the transfer violated section 13462 of the Education Code, appellant alternatively argues that the transfer was arbitrary and unreasonable. The cases on which she relies hold that the right of a school district to reassign teachers must be reasonably exercised. (*Dutart* v. *Woodward* (1929) 99 Cal.App. 736 [279 P. 493]; *Mitchell* v. *Board of Trustees, supra,* 5 Cal.App.2d 69; see also: *Kacsur* v. *Board of Trustees* (1941) 18 Cal.2d 586 [116 P.2d 593].

The welfare of school districts demands that they have broad discretion to assign their teachers in the best interests of the school system. Consequently, the courts should not lightly undertake to interfere with the exercise of this discretion, where it is not in conflict with statutory law.

In the instant case, the affidavit of James Merrihew controverts the allegations of appellant's petition: her lack of experience teaching the sixth grade, her loss of an honorary position as senior teacher at Woods Elementary School, the physical strain of a different physical education program at Alvarado School, the threat to her health due to the location of Alvarado School. In all, appellant has only magnified out of proportion the consequences attendant to the new assignment.[3]

[3]Although appellant was to teach a different grade (fifth-sixth), there is no showing that she is unqualified to do so, or that it would place an unreasonable strain on her. Since the beginning of her employment with respondent in 1946, she has taught at various times the third, the third-fourth, the fourth, and fourth-fifth, and the fifth grades. It is evident that she is qualified to teach any class level of students within her certification.

■ It is concluded that appellant has not shown the action of respondent to be either arbitrary and unreasonable or without relation to the legitimate interests of the district. Appellant has certainly failed to prove a situation at all comparable with that presented to the court in *Dutart* v. *Woodward, supra,* the case on which appellant principally relies.

In the *Dutart* case, the school district transferred a tenured elementary teacher to a tubercular hospital and sanatorium located 50 miles from the district, wherein the teacher's health would be endangered and she would not have the opportunity to engage actively in teaching. The court found that the only reason for this transfer was the refusal of the teacher to resign after she had married.

The court held: "The transfer to a class in a tubercular institution remote from the district where she earned her status as a permanent teacher is too severe a penalty for marriage." (*Dutart* v. *Woodward, supra,* 99 Cal.App., at 740.)

### ESTOPPEL TO TRANSFER

■ Appellant's final contention is that the actions of respondent surrounding her sabbatical leave of absence led her to believe that she would be returned to the fourth grade at Woods Elementary School for the school year 1964-1965. Had she known the truth, so she alleges, she would not have taken the leave. Thus appellant argues that respondent is estopped to transfer her.

The record does not sustain appellant's position. Respondent made no promises concerning her assignment. Certainly,

---

Although appellant enjoyed a seniority of having taught at Woods Elementary School for six years, this status is only honorary in nature and affords no vested rights whatsoever. Transfer to Alvarado School was not a reduction in appellant's standing.

Although the physical education program at Alvarado School was different, there is no showing that it would subject appellant to unwarranted physical exertion. At Woods Elementary School, each teacher conducted his own class in physical education. At Alvarado School, two teachers are allocated a block of students from three classes to be taught during a combined period.

Appellant alleged that Alvarado School is located on a cold and windy site, and that because of her history of respiratory ailments her participating in the physical education program there would endanger her health. This presented at best a question of fact, which the trial court resolved against appellant. She introduced no medical evidence. Her sick leave records showed only one extended period of illness, which occurred over five years prior to her transfer to Alvarado School. Appellant identified the illness as Asian flu and double pneumonia. Annual medical reports attached to the affidavit of James Merrihew stated that chest X-rays revealed no evidence of pulmonary disease since 1960.

respondent was under no duty to expressly inform her of the possibility of reassignment or else suffer an estoppel in this regard.

Section 2.5391 of respondent's rules and regulations provides for a teacher's status on return from sabbatical leave: "Employees on sabbatical leave of absence shall be permitted to return to that status or rank and division of the Richmond Schools—elementary, junior high, or senior high school—held at the time the sabbatical leave was granted. . . ." There is no promise of the *specific* reinstatement appellant insists upon.

Appellant notes that respondent approved her sabbatical leave and her plan of study at Los Angeles State College, which in her mind was to further her ability as a fourth grade teacher. However, there is no evidence that the courses in which she enrolled were not generally beneficial for any assignment within her credential.

Appellant was paid a monthly salary for July and August of 1964, after her return from sabbatical leave. This was a portion of her salary for the school year 1964-1965, the district's policy being to pay its teachers in 12 installments rather than 10. Believing appellant would return to her new assignment, respondent was merely paying her that to which she was entitled.

It is difficult to understand how these payments could lead appellant to believe that she was returning to Woods Elementary School in September of 1964. The payments occurred *after* she had taken her leave of absence. Thus, she cannot say that such induced her to embark upon a leave she would not otherwise have taken.

Appellant's employment record indicates that after a prior sabbatical leave, for the school year 1955-1956, she was returned to the exact school and class level of students assigned before her leave. One year later she was transferred to Woods Elementary School. Such a return after sabbatical leave is rare in the district. Even so, this fact alone is not sufficient to support a finding of estoppel.

The case of *Struckman* v. *Board of Trustees* (1940) 38 Cal.App.2d 373 [101 P.2d 151], cited by appellant, offers her no assistance. Therein, the court merely held, on different facts, that estoppel *had not been proved.*

In view of the determination that the actions of respondent regarding appellant's reassignment after her sabbatical leave

of absence were entirely proper, it is unnecessary to discuss the effect of her resignation in protest prior to seeking judicial relief.

Judgment affirmed.

Shoemaker, P. J., and Taylor, J., concurred.

A petition for a rehearing was denied May 17, 1967, and appellant's petition for a hearing by the Supreme Court was denied June 14, 1967.