[Civ. No. 13530. Third Dist. Sept. 27, 1973.]

EDWARD J. OTTO, Plaintiff and Respondent, v.
ALTON DAVIE et al., Defendants and Appellants.

## COUNSEL

Dawson Arnold, County Counsel, for Defendants and Appellants.

Coshow, Barr & Tocher and John D. Barr for Plaintiff and Respondent.

## OPINION

**REGAN, J.**—This is an appeal by the members of the governing board of the Lassen Union High School District from a superior court order requiring the district to reinstate the petitioner (respondent) as a full-time counselor and to compensate him as such.

### FACTS

For more than three years prior to the start of the 1971-1972 school year, petitioner Edward J. Otto was employed by the Lassen Union High

School District at Herlong High School. For the first three years of his employment, petitioner was assigned almost exclusively to counseling duties for which he received extra compensation.[1] It is not disputed that petitioner is a permanent employee of the district and has tenure. He is certificated both as a counselor and as a teacher.

Prior to the inception of the 1971-1972 school year, the principal of Herlong High School advised petitioner that he was being reassigned to classroom teaching with only limited counseling duties. The apparent purpose for this reassignment was to discipline petitioner for an alleged act of insubordination.[2]

There was at the time of this reassignment an unfilled full-time counseling position in the district at Lassen High School. Petitioner requested a transfer to Lassen for the purpose of taking the counseling job but his request was denied. The job was later filled by the appointment of another counselor. For that same school year, outside counselors had to be brought into Herlong High School to provide counseling services.

After petitioner received notification of his reassignment, he assumed his classroom duties for the 1971-1972 school year, but also filed with the district a document purporting to be a reservation of his rights. On December 15, 1971, petitioner filed a petition for writ of mandate seeking his reassignment to exclusive counseling duties.

After a court trial, judgment was rendered on March 13, 1972. The trial court determined that petitioner had achieved tenure as a counselor in the district, ordered his reinstatement as a counselor commencing with the 1972-1973 school year, and further ordered that he be paid as a counselor for the 1971-1972 school year.[3]

The district contends that a permanent certificated employee of the district obtains a right to continued employment but that the district does have the right to change the assignment of an employee so long as the employee is credentialed to perform the new assignment. (Cf. *Matthews* v. *Board of Education* (1962) 198 Cal.App.2d 748, 754 [18 Cal.Rptr. 101].)

---

[1]Petitioner was the holder of a "pupil-personnel services" credential. (See Ed. Code, § 13196; for specialized duties of the holder of such a certificate, see Cal. Admin. Code, tit. 5, § 6400 et seq.)

[2]The record indicates the insubordination consisted of disobeying a verbal order of the principal regarding the counseling of one of the students.

[3]The court apparently felt it would be unduly hindersome for the district to conduct a reassignment of Otto this late in the 1971-1972 school year.

In the trial court, petitioner relied, inter alia, on section 13314.5 of the Education Code[4] to demonstrate the Legislature intended to provide for tenure in positions other than that of classroom teacher. This section, as it read at the time of this action, provided: "A permanent employee in a position which requires certification qualifications but which is not a classroom teaching position shall retain his permanent classification in that position when he is advanced to an administrative or supervisory position requiring certification qualifications, he is assigned any special or other type of work requiring certification qualifications, or he is given special classification or designation requiring certification qualifications.

"If such a person is advanced to an administrative or supervisory position not requiring certification qualifications, is assigned any special or other type of work not requiring certification qualifications, or is given special classification or designation not requiring certification qualifications, his right to retain permanent classification in his former position shall be governed by the provisions of Article 4 (commencing with Section 13050) of Chapter 1 of this division."

The district now appears to contend that the trial court misconstrued this section, and that when read in conjunction with other pertinent sections it in reality supports the position of the district. These sections are as follows:

"Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is re-elected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district." (§ 13304.)

"Governing boards of public school districts shall employ in positions for which certification qualifications are established by this code only such persons as are certificated in accordance with the provisions of this code." (§ 13251.)

"The Superintendent of each school district shall, in addition to any other powers and duties granted to or imposed upon him:

". . . . . . . . . . . . . . . . . .

"(c) Subject to the approval of the governing board, assign all employees of the district employed in positions requiring certification qualifications,

---

[4]All section references are to the Education Code.

to the positions in which they are to serve. Such power to assign includes the power to transfer a teacher from one school to another school at which the teacher is certified to serve within the district when the superintendent concludes that such a transfer is in the best interest of the district." (§ 939.)

Reading these sections together, the district concludes that there is nothing in them that establishes a right of permanent employment in a particular position. It argues that the right to permanent classification is the right of permanent employment in the district, nothing more. Indeed, the district contends that, if anything, section 13314.5 helps its position since the section expressly covers employee assignments to other types of work requiring certification qualifications. (See also § 13314 [teachers retain permanent classification when assigned to another position].) Finally, the district contends that it is reasonable to construe the phrase "in that position" (as used in the first paragraph of section 13314.5) as meaning "classroom teaching" position.

We are not convinced that the district's construction of the foregoing sections supports its position. On the other hand, we are likewise not convinced that the petitioner's interpretation of section 13314.5 is necessarily correct. The only reference to this particular section in the case law of which we are aware is *Leithliter* v. *Board of Trustees* (1970) 12 Cal. App.3d 1095 [91 Cal.Rptr. 215].

*Leithliter* involved two certificated employees of the Lancaster School District, one of whom was apparently working as a psychologist and the other as a psychometrist. Each appeal was from the superior court's denial of a writ of mandate which sought to compel the respondent school district to permit petitioners to perform duties as the district's psychologist and psychometrist respectively and not to assign them to other duties. The trial court decided that appellants had never achieved tenure status in their positions of psychologist and psychometrist, respectively, but had achieved such status only as permanent classroom teachers. Motions to dismiss were later made by the district on the ground of mootness since both petitioners had meanwhile resigned. However, for reasons not pertinent here, the appeals were heard and subsequently dismissed.

Nevertheless, the opinion contains some interesting language. For example, the court stated (in fn. 8 at p. 1099): "One of the issues tendered by the petitioners below which was not decided by the court, is whether the respondent district had decided to discontinue the 'particular kind of service' (Ed. Code, § 13447) which appellants had been rendering to the district. It was the district's position that it had done so by contracting for

mental health services with an outside corporation as it is permitted to do by section 11805 of the Education Code. *The reason why the trial court never reached that issue is that it decided that appellants had never achieved tenure status in their positions of psychologist and psychometrist, respectively, but had achieved such status only as permanent classroom teachers. The determination of the correctness of that ruling would involve an interpretation of section 13314.5 of the Education Code, a section which, according to respondent, 'does not represent the finest example of clear and unambiguous legislative draftsmanship.' After struggling with it for some time before respondent filed its motions to dismiss, we are bound to agree."* (Italics added.)

Although probably not necessary to its decision, the court also made the following comment (at pp. 1100-1101): "The rule is still as it was stated in *Mitchell* v. *Board of Trustees, supra,* 5 Cal.App.2d at p. 69: 'There is nothing in the tenure of [*sic*] law which interferes with the general power and right of a board of education to assign teachers to particular classes and to particular schools in accordance with its judgment and desire reasonably exercised. A teacher, in acquiring a permanent status, does not thereby acquire a vested right to teach any certain class or in any certain school. While a board would have no right to evade the plain meaning of the tenure act by assigning a teacher to a class of work for which he was not qualified, for the purpose of compelling his resignation, it has the power to reasonably change assignments with respect to a permanent teacher *so long as the work assigned is of a rank and grade equivalent to that by which the permanent status was acquired* and so long as the assignment is one for which the teacher in question is qualified.' (See also *Adelt* v. *Richmond Sch. Dist.,* 250 Cal.App.2d 149, 152 [58 Cal.Rptr. 151]; and *Finot* v. *Pasadena City Bd. of Education,* 250 Cal.App.2d 189, 195 [58 Cal.Rptr. 520].)" (Italics added.)[5]

The district contends that further support for the proposition that tenure is obtained as an employee, but not in a particular position, is section 13447. This section provides, inter alia, that when a service is eliminated the holder of the position is not necessarily terminated, but is entitled to another assignment to which his seniority and qualifications entitle him.

---

[5]The district earnestly contends that *Leithliter* stands "for the proposition that a school employee who has held a position requiring a special services credential for three or more years may be reassigned to a classroom teaching position if he holds a credential which authorizes him to teach." This may be true as far as it goes but the argument seems to ignore the language emphasized in the passage set forth above, especially in this case *where petitioner gained tenure as a counselor.* This point appears to be undisputed.

However, this section does not avail the district under the facts of this case because counseling services were not discontinued in the district. Indeed, the record shows another full-time counselor was hired in the same district and petitioner requested a transfer to accept such a position.[6]

Finally, the district points to the language of section 13314.3 which was added by the Legislature in 1972[7] subsequent to the judgment of the court below. This section reads: "(a) A permanent employee not qualified to render service as a classroom teacher, when advanced to an administrative or supervisory position, or assigned any special or other type of work, or given special classification or designation requiring certification qualifications, shall retain his permanent classification for the performance of the type of service for which he was qualified prior to such advancement, assignment, or special classification or designation.

"(b) If an employee .is authorized to render service in more than one type of position for which certification qualifications are required, either by virtue of his possession of one certification document authorizing service in two or more of such positions, or by virtue of his possession of separate certification documents authorizing service in two or more such positions, or any combination thereof, he shall, upon satisfying all other requirements prescribed by law, acquire permanent status as follows: (1) If he is authorized to render service as a classroom teacher, he shall acquire permanent status as a classroom teacher. (2) If he is not authorized to render service as a classroom teacher, he shall acquire permanent status below the administrative or supervisory level as a staff employee with multiple qualifications. His right to serve in one or more of the positions for which he is qualified to serve shall be subject to the power of assignment of the school district governing board." (See also § 13314.5.)

At the same time, section 13314.5 was amended to read as follows: "A permanent employee, as specified in Section 13314.3, when advanced to an administrative or supervisory position requiring certification qualifications, or assigned any special or other type of work requiring certification

---

[6]We likewise think the district's reliance on *Anderson* v. *Board of Education* (1932) 126 Cal.App. 514 [15 P.2d 774; 16 P.2d 272], is misplaced. The court there made it very clear that it was basing its ruling on the San Francisco Charter. Furthermore, it deduces from *Anderson* that a counselor is an "employee." We do not see how this conclusion aids us in the issue presented to this court.

[7]Statutes 1972, chapter 795, section 7. The act was declared to be an urgency measure and was effective August 11, 1972. One of the purposes of the act was "to clarify the rights of permanent certificated employees at the earliest possible time in the 1972-1973 school year, . . .." (§ 10.) The judgment in this case was filed March 13, 1972.

qualifications, or given special classification or designation requiring certification qualification, shall retain his permanent classification as specified in Section 13314.3.

"If such a person is advanced to an administrative or supervisory position not requiring certification qualifications, is assigned any special or other type of work not requiring certification qualifications, or is given special classification or designation not requiring certification qualifications, his right to retain permanent classification shall be governed by the provisions of Article 4 (commencing with Section 13050) of Chapter 1 of this division." (Stats. 1972, ch. 795, § 8.)

The district now contends that the new section 13314.3, subdivision (b)(1), is dispositive of the case, although it does not say precisely how. It does argue that the construction of section 13314.5, at the time of this action and as shown by the 1972 legislative action, is as follows: " 'A permanent employee in a position which requires certification qualifications but which is not "a classroom teaching position shall retain his permanent classification in a classroom teaching position." ' "

The district also cites section 13314 which reads, in part, as follows: "A permanent employee when . . . given special classification or designation requiring certification qualifications, shall retain his permanent classification as a classroom teacher."

Disregarding for the moment the various statutes, the record shows the following: Petitioner served his entire probationary period in the district as a counselor or as a specialist in pupil personnel services. This was the only credential or certificate he had on file with the county superintendent of schools as required by his contract with the district. (See, § 13157.) Thus, petitioner gained his tenure as a counselor. Since the alleged disciplinary action is not before this court, we regard this case as largely one of tenure (or permanent status) and not of reassignment (demotion) to a lower position. Since there was another counseling position available in the district, as we read *Leithliter, supra,* 12 Cal.App.3d at page 1101 (quoting from *Mitchell* v. *Board of Trustees* (1935) 5 Cal.App.2d 64, 69 [42 P.2d 397]), petitioner should have been reassigned to "a rank and grade equivalent to that by which the permanent status was acquired" and for which he was qualified, i.e., as a counselor. We therefore conclude the assignment of petitioner was outside the scope of the credential under which

he was elected to serve and under which he acquired tenure. This conclusion follows even though petitioner[8] was also certificated as a classroom teacher.[9]

The judgment is affirmed.

Richardson, P. J., concurred.

---

[8]The record contains a letter opinion of the Attorney General dated July 1, 1969, and directed to the Superintendent of Public Instruction. In that opinion the Attorney General concluded that a person who holds a pupil personnel services credential may obtain tenure in that specific position.

[9]In reaching our conclusion, we have examined the recent case of *Hentschke* v. *Sink* (1973) *ante,* p. 19 [109 Cal.Rptr. 549]. That case, however, concerned school administrators who attain no tenure in their status as such. An administrator serves at the pleasure of the appointing power. We think that administrators form a different class from regular certificated employees, and therefore find that *Hentschke* is distinguishable from the instant case.