[S.F. No. 23200. In Bank. Feb. 7, 1975.]

BETTY LACY, Plaintiff and Respondent, v.
RICHMOND UNIFIED SCHOOL DISTRICT, Defendant and Appel-
lant.

## Counsel

John B. Clausen, County Counsel, and Gerald A. Becker, Deputy County Counsel, for Defendant and Appellant.

Carnes & Bailey, Don E. Bailey and Mary C. Fisher for Plaintiff and Respondent.

## Opinion

**MOSK, J.**—Petitioner Betty Lacy, a permanent employee of defendant Richmond Unified School District who served several years in the system as a counselor and several years as a teacher, obtained a writ of mandate from the Contra Costa Superior Court ordering her reinstatement to the position of elementary school counselor. On this appeal by defendant we conclude that Lacy is not entitled to reinstatement as a counselor and therefore the judgment must be reversed.

Lacy's claim to reinstatement in this position is based on Education Code sections 13447 and 13448, which provide both procedural and substantive rights for permanent school district employees whose employment status changes when the school board reduces or discontinues a particular kind of service and as a result determines to decrease the

number of permanent employees. Her claim is also based on other Education Code sections which provide a tenure system for permanent employees.

The Richmond School District, predecessor of the Richmond Unified School District, first hired Lacy in 1952. For four years she served under a credential initially designated "General Elementary and Child Welfare" and later changed in designation to "Pupil Personnel Worker." In 1956 she took a maternity leave. When she returned to active employment with the district in 1957 she assumed a teaching position. She continued in a teaching capacity until 1965, when she was appointed to an elementary counseling position, in which she served for four years. In 1969 her counseling position was discontinued due to lack of funds, and she was reassigned to an elementary classroom teaching position.

In 1970 funding again became available, and the counseling position which Lacy had held was reestablished. She requested that the district reinstate her in the recreated position, but the district refused and instead appointed another employee. It did, however, continue Lacy's employment as a teacher.[1]

■ In approaching the legal merits of Lacy's claim to reinstatement both parties have referred to the several sections of the Education Code which generally describe the tenure rights of permanent employees (Ed. Code, §§ 13403-13441), and to those particular statutes which apply when a school district reduces the number of its permanent employees. The former set of statutory provisions, however, has only secondary significance here. Primary emphasis must be placed on Education Code sections 13447 and 13448, which apply to reductions in the number of permanent employees. It is a settled rule of statutory construction that a special statute dealing expressly with a particular subject controls and takes priority over a general statute. (See, e.g., *Brill* v. *County of Los Angeles* (1940) 16 Cal.2d 726, 736 [108 P.2d 443].)

■ We turn to an examination of sections 13447 and 13448 in light of the facts in this case. Neither Lacy nor the school district contests the fact that her employment as an elementary school counselor was discontinued pursuant to section 13447 when the funding shortage arose in 1969.

---

[1]The reasons for the district's refusal to reinstate Lacy to counseling duties are not part of the record. The trial was confined to an examination of the length and nature of her service in various positions within the district, and an inquiry into the employment rights which may have accrued during that service.

However, an analysis of section 13447[2] is a prerequisite to deciding whether she may claim the "preferred right to reappointment" outlined in section 13448.[3] The introductory lines of section 13448 confine its application to those "permanent employee whose services have been terminated as provided in section 13447." Under the instant circumstances we cannot find that Lacy is a permanent employee whose services have been terminated as provided in section 13447.

It is true that the "particular kind of service" which Lacy was rendering—that of elementary school counseling—was reduced in the district and discontinued at her school in 1969. However, Lacy's services were not terminated; they were continued by the district, albeit in a different position, pursuant to the final sentence of section 13447 directing the governing board of the district to "make assignments and reassignments in such a manner that employees shall be retained to render any service which their seniority and qualifications entitle them to

---

[2]Section 13447 provided in relevant part at the time of the events in question: "Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, or whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year, and when in the opinion of the governing board of said district it shall have become necessary by reason of either of such conditions to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, permanent as well as probationary, at the close of the school year; provided, that the services of no permanent employee may be terminated under the provisions of this section while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render.

"Notice of such termination of services for reduction in attendance shall be given before the 15th of May in the manner prescribed in Section 13443 of this code, and services of said employees shall be terminated in the inverse of the order in which they were employed, as determined by the board in accordance with the provisions of Sections 13262 and 13263 of this code.

"The board shall make assignments and reassignments in such a manner that employees shall be retained to render any service which their seniority and qualifications entitle them to render."

[3]Section 13448 provides in relevant part: "Any permanent employee whose services have been terminated as provided in Section 13447 shall have the following rights:

"1. For the period of 39 months from the date of such termination, any employee who in the meantime has not attained the age of 65 years shall have the preferred right to reappointment, in the order of original employment as determined by the board in accordance with the provisions of Sections 13252 to 13273, inclusive, if the number of employees is increased or the discontinued service is re-established, with no requirements that were not imposed upon other employees who continued in service; provided, that no probationary or other employee with less seniority shall be employed to render a service which said employee is certificated and competent to render."

render." In reassigning Lacy to classroom teaching duties, the board also followed the proviso in the second paragraph of section 13447, which prohibits the termination of the "services" of a permanent employee "while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render."

If we were to adopt the construction which Lacy urges—that her "services" were "terminated" when she was removed from counseling duties—it would also follow that the district disobeyed the statutory proviso at the time it discontinued her position. Under Lacy's interpretation, the district would be prohibited from reducing the number of more specialized positions occupied by senior employees unless it also eliminated all of the positions currently occupied by employees with less seniority in the district. This would frustrate the express purpose of the statute: i.e., to allow districts with decreasing enrollments or diminishing funds to curtail certain types of educational service. In this respect, the distinction between the discontinuance of a particular kind of *service* and the termination of an employee's *services* is more than semantic. It is a deliberate statutory arrangement which allows the district the flexibility of modifying the types of educational service which it provides while continuing to meet its legal obligations to permanent employees through reassignment.

An examination of the specific "reappointment" rights outlined in section 13448 confirms our conclusion that the section applies only to permanent employees whose employment with the district is terminated, and not to permanent employees who are merely reassigned. Subdivision 1 provides, for example, that there shall be "no requirements [imposed] that were not imposed upon *other employees who continued in service.*" (Italics added.) Subdivision 3 provides in part, "As to any such employee who is reappointed, the period of his absence shall be treated as a leave of absence and . . . the period of his absence shall not count as a part of the service required for retirement." Subdivision 4a allows the governing board to assign the employee to service in any other district under it. These and other similar provisions of section 13448 were clearly designed for terminated, rather than reassigned, permanent employees.

Lacy also contends that the extension of reappointment rights to persons terminated because they are qualified solely as counselors, in contrast to the lack of similar rights for reassigned employees qualified as counselors *and* teachers, penalizes the latter group for its dual qualifica-

tions. This is a policy argument more appropriately addressed to the Legislature, which has made a reasonable determination that the former group, the members of which must endure unemployment rather than mere reassignment, need the greater protection.

■ We emphasize that sections 13447 and 13448 provide a separate and distinct set of personnel rules, intended to apply "when in the opinion of the governing board . . . it shall have become necessary . . . to decrease the number of permanent employees" because of a decreasing enrollment or a need to modify the types of services provided. (§ 13447.) They do not incorporate, either directly or by reference, the provisions of the general tenure statutes.[4] Rather, such rights as they confer rest on the seniority and qualifications of the employees involved.

Lacy's remaining contentions are based on general tenure statutes. However, these statutes do not control, either expressly or by implication, the district's personnel assignments in the event that some positions are recreated. Even were we to assume the recreation of a number of the discontinued positions, the district would still have potentially conflicting obligations to those employees whose services were terminated and those who were merely reassigned. Unless and until the Legislature requires the reinstatement of reassigned employees to positions which they held prior to reduction, we must assume that the only reappointment rights conferred are those to terminated employees as declared in section 13448. To hold otherwise would unduly restrict the district's ability to meet the responsibilities imposed on it by sections 13447 and 13448.

The judgment is reversed with directions to deny the petition for a writ of mandate.

Wright, C. J., McComb, J., Tobriner, J., Sullivan, J., Clark, J., and Richardson, J., concurred.

---

[4]The cases of *Otto* v. *Davie* (1973) 34 Cal.App.3d 570 [110 Cal.Rptr. 114], and *Leithliter* v. *Board of Trustees* (1970) 12 Cal.App.3d 1095 [91 Cal.Rptr. 215], insofar as they construe general tenure statutes, are therefore inapposite to the issue before us. The rule has long been recognized that nothing in tenure laws affects the general power of school boards to reassign teachers. (*Mitchell* v. *Board of Trustees* (1935) 5 Cal.App.2d 64, 69 [42 P.2d 397].)