[Civ. No. 15038. Fourth Dist., Div. Two. Oct. 21, 1975.]

CLARENCE L. NETWIG, Plaintiff and Appellant, v.
HUNTINGTON BEACH UNION HIGH SCHOOL
DISTRICT et al., Defendants and Respondents.

530

**COUNSEL**

Walter L. McGonigle for Plaintiff and Appellant.

Alexander Bowie and Spencer E. Covert, Jr., for Defendants and Respondents.

OPINION

TAMURA, J.—Petitioner appeals from the judgment denying his petition for writ of mandate to compel the Huntington Beach Union High School District, the district's board of trustees,. and the trustees individually (hereinafter collectively referred to as "School District") to assign him to the position of counselor.

Petitioner was first employed by School District as a teacher in 1960. In 1963, having served the district as a teacher for three years and having been elected for a fourth year, petitioner became a permanent employee of the district. (See Ed. Code, § 13304.) In common parlance, petitioner obtained tenure. He continued as a teacher until 1968 when he was reassigned to the position of counselor.[1] Petitioner served as counselor until April of 1971 when School District served him with a notice of intention to dismiss and filed a complaint in superior court seeking his dismissal.[2] Petitioner's employment with the district was suspended pending the outcome of the dismissal proceedings. After a trial the court ruled in favor of School District but on appeal to this court the judgment was reversed in a nonpublished opinion. (4 Civ. 12163, Jan. 15, 1973.) Thereafter School District dismissed its complaint, notified petitioner that he was being reinstated with back pay and, in March of 1973, assigned him to a teaching position. In response to petitioner's request for a statement of reasons for the reassignment from counseling to teaching, he was informed that: "You spent excessive time with one student who was not your counselee, and . . . this prevented you from adequately and fully performing your counseling responsibilities to your counselees during the 1970-1971 school year."

In August of 1973, petitioner filed the instant action. Section 13439 of the Education Code provided at the time relevant hereto that when a permanent employee successfully defends a dismissal action, "he shall be reinstated within five days after the entry of judgment in his favor. . . ." The sole question on appeal is whether this provision required School District to return petitioner to the position of counselor rather than reassigning him to a teaching post.

---

[1]To qualify as a secondary school counselor, petitioner obtained a pupil personnel services credential as required by Education Code section 13136 in addition to his teaching credential.

[2]This was the proper procedure at that time for dismissing a permanent employee. Legislation effective in 1973 has converted such dismissals to administrative proceedings with a right of judicial review. (See Ed. Code, §§ 13412, 13413, 13414; Stats. 1971, ch. 361; *Reeves* v. *Superior Court*, 36 Cal.App.3d 291, 293 [111 Cal.Rptr. 390].)

As School District points out, petitioner is claiming a right he would not have enjoyed had there been no dismissal proceeding. ■ Although petitioner has tenure, tenure only provides security of employment within the scope of the certificate under which tenure was acquired. (*Adelt* v. *Richmond Sch. Dist.,* 250 Cal.App.2d 149, 152 [58 Cal.Rptr. 151].) Tenure does not give a teacher a vested right to teach any particular grade level or at any particular school. (*Adelt* v. *Richmond Sch. Dist., supra,* at p. 152; *Mitchell* v. *Board of Trustees,* 5 Cal.App.2d 64, 68-69 [42 ■ 397].) **(3)** Although under certain circumstances an employee who acquires tenure while serving as a counselor may prevent his assignment to a teaching post (see *Otto* v. *Davie,* 34 Cal.App.3d 570 [110 Cal.Rptr. 114]), a credentialed teacher who serves his entire probationary period as a teacher and who later is assigned to counseling continues to hold tenure only as a teacher regardless of the length of time served as counselor. (See Ed. Code, §§ 13314, 13314.3; *Lacy* v. *Richmond Unified Sch. Dist.,* 13 Cal.3d 469, 475, fn. 4 [119 Cal.Rptr. 1, 530 P.2d 1377];[3] *Mitchell* v. *Board of Trustees, supra,* 5 Cal.App.2d 64, ■ 69.) **(1b)** Petitioner acquired tenure as a teacher and served his district in that capacity for eight years. He does not contend he is unqualified for the assigned position and in fact he has been teaching in that position pending the outcome of this action.

In light of the forementioned authorities, it is understandable that petitioner does not base his challenge to the reassignment on the tenure laws. In fact, he insists that the tenure laws are irrelevant to his petition. Rather, petitioner maintains that unless he is returned to the position of counselor, *for however short a period,* he has not been reinstated within the meaning of Education Code section 13439, quoted above. This contention must be rejected.

One of the most basic rules of construction is that a statute should be given the interpretation which yields a reasonable result. (*Alford* v. *Pierno,* 27 Cal.App.3d 682, 688 [104 Cal.Rptr. 110].) It is not to be presumed that the Legislature would command performance of a thoroughly useless act. Requiring School District to return petitioner to his counseling position for a single day after a two-year suspension before reassigning him to a teaching position would be just such a useless act. Accordingly, we hold that Education Code section 13439 does not invalidate petitioner's reassignment.

[3]In spite of the lingering confusion about the proper interpretation of section 13314.3 and the related section 13314.5 (see *Otto* v. *Davie, supra,* 34 Cal.App.3d 570, 573-577) these provisions are not susceptible to the interpretation that an employee acquiring tenure as a teacher and still authorized to serve as a teacher can claim a second or higher tenure in another capacity, nor has any reported decision suggested that this is so.

In its answer to the petition for writ of mandate, School District asserted as an affirmative defense that the School Board had not acted arbitrarily or capriciously in reassigning petitioner. Since petitioner has not urged abuse of discretion as a ground for invalidating the reassignment, this issue need not be discussed. However, as the issue was litigated at the trial below and School District desires a resolution of the matter, some comment may be appropriate. In its answer to petitioner's request for the reasons for the reassignment, School District alleged that during the 1970-1971 school year petitioner had spent excessive time with one student who was not his counselee. In its answer to the petition, School District gave as additional reasons that petitioner had reported to work late on two occasions and had over-extended his "snack breaks." Each of these alleged failings would tend to reduce petitioner's availability to students seeking counseling and thus would be a valid ground for dissatisfaction. Each of the allegations was supported by substantial evidence. Testifying at the trial below, petitioner admitted there was some truth in each of the charges. While petitioner's proven shortcomings as a counselor were not of the most serious nature, the question is not whether the reassignment was the wisest course, but rather whether there was an abuse of discretion. On the record before us, it does not appear that School District acted in an arbitrary or capricious manner in reassigning petitioner to a teaching position.

Judgment is affirmed.

Gardner, P. J., and Kerrigan, J., concurred.