[S.F. No. 23599. July 15, 1977.]

GORDON THOMPSON, Plaintiff and Appellant, v.
MODESTO CITY HIGH SCHOOL DISTRICT et al.,
Defendants and Respondents.

**COUNSEL**

Litts, Mullen, Perovich, Sullivan & Newton and C. M. Sullivan, Jr., for Plaintiff and Appellant.

Gilbert W. Boyne and T. W. Martz, County Counsel, John F. Christensen, Senior Deputy County Counsel, Harry P. Drabkin and Carl O. Waggoner, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

MANUEL, J.—Plaintiff (hereinafter petitioner) Gordon Thompson appeals from the judgment denying his petition for a writ of mandate to compel the Modesto City High School District and other named parties (hereinafter referred to collectively as defendant) to reinstate him as a counselor.

Petitioner is a certificated permanent employee of defendant holding both a general pupil personnel credential authorizing him to serve as a

counselor and a general secondary credential authorizing him to serve as a teacher. Petitioner commenced employment with defendant as a high school teacher in September 1966 and continued in that position through the 1967-1968 school year, at which time he was employed by defendant as an attendance counselor. He served as an attendance counselor through the 1971-1972 school year and acquired tenure (e.g., permanent status) with defendant while serving in that position. In March 1972 petitioner was informed that he was being reassigned as a classroom teacher for the 1972-1973 school year which involved a reduction in salary of over $500 per month. He sought a hearing to contest the reassignment, but was informed that he was not entitled to a hearing because none was required in the case of reassignment as opposed to termination. Petitioner accepted the reassignment, though under protest, and has continued to teach, while still seeking reinstatement as a counselor.

Petitioner filed the instant petition for writ of mandate to compel defendant to reinstate him as a counselor. The trial court denied the writ, finding the facts to be as stated above and concluding as a matter of law that petitioner's services had not been terminated, rather he had been reassigned to other duties and such reassignment was within the lawful authority of defendant. Petitioner appeals.

The central question presented by this appeal is whether a permanent employee holding dual certificates, in this case teacher and counselor certificates, may be reassigned from counselor to classroom teacher by the school district without complying with the Education Code sections delineating the causes for and procedures by which a permanent employee may be dismissed.

It is well established that school districts in the normal course of administration have broad powers to reassign their permanent employees to different positions, including positions involving a reduction in pay and prestige, subject only to two requirements: (1) reasonableness (*Adelt* v. *Richmond Sch. Dist.* (1967) 250 Cal.App.2d 149, 152 [58 Cal.Rptr. 151]; *Mitchell* v. *Board of Trustees* (1935) 5 Cal.App.2d 64, 69 [42 P.2d 397]) and (2) that the reassigned position be "within the scope of the certificate under which tenure was acquired" (*Adelt, supra,* at p. 152) or "the work assigned is of a rank and grade equivalent to that by which the permanent status was acquired." (*Mitchell, supra,* at p. 69; accord *Leithliter* v. *Board of Trustees* (1970) 12 Cal.App.3d 1095, 1100-1101 [91 Cal.Rptr. 215]; see *Lacy* v. *Richmond Unified Sch. Dist.* (1975) 13 Cal.3d

469, 475, fn. 4 [119 Cal.Rptr. 1, 530 P.2d 1377].) Thus, in order to determine the propriety of a reassignment it is necessary to ascertain "the certificate under which tenure was acquired" or "the rank and grade" at which permanent status was acquired.

Section 44882 of the Education Code provides[1] that an employee who has been employed by the school district for three consecutive years in a position requiring certification acquires permanent status as an employee at the beginning of the next school year. The section does not provide at what rank or grade permanent status, if any, is acquired. Employees holding only a classroom teacher certificate (e.g., general secondary credential) who are employed throughout their probationary period as classroom teachers, acquire permanent status as classroom teachers. Employees holding only a counseling certificate (e.g., general pupil personnel credential) who are employed throughout their probationary period as counselors, acquire permanent status as counselors. (*Otto* v. *Davie* (1973) 34 Cal.App.3d 570, 578 [110 Cal.Rptr. 114]; see *Netwig* v. *Huntington Beach Union High Sch. Dist.* (1975) 52 Cal.App.3d 529, 532 [125 Cal.Rptr. 170]; §§ 44894, 44895.)

Employees holding more than one certificate present something of a problem. ■ Administrators, including certificated administrators who were employed as administrators at the time they acquired permanent status, acquire tenure only as classroom teachers, not administrators and can be reassigned from a position as an administrator to one as classroom teacher. (*Council of Directors and Supervisors* v. *Los Angeles Unified Sch. Dist.* (1973) 35 Cal.App.3d 147, 152 [110 Cal.Rptr. 624]; *Hentschke* v. *Sink* (1973) 34 Cal.App.3d 19, 22-23 [109 Cal.Rptr. 549]; §§ 44893, 44897.) ■ Classroom teachers, also holding counseling certificates, who served their entire probationary period as classroom teachers and then were subsequently assigned to positions as counselors, acquire permanent status only as classroom teachers, not as counselors, and can be reassigned from a position as a counselor to one as a classroom teacher. (*Netwig* v. *Huntington Beach Union High Sch. Dist.*, *supra*, 52 Cal.App.3d 529, 532; see *Leithliter* v. *Board of Trustees*, *supra*,

---

[1]"Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for three complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

Hereafter, unless otherwise noted, all section references are to the Reorganized Education Code, added by Statutes 1976, chapter 1010, amended by Statutes 1976, chapter 1011, operative April 30, 1977.

12 Cal.App.3d 1095, 1099, fn. 8.) No case authority has been brought to our attention which determines what tenure is acquired when an employee who holds both teacher and counselor certificates and completes his probationary period as a counselor, either having served the full probationary period as a counselor or, as in this case, having commenced the probationary period as a teacher and completed it as a counselor.[2]

■ ■■■ However, at least with respect to such employees acquiring tenure after 1972,[3] there has been a legislative solution, since in 1972 the Legislature enacted section 44894,[4] which provides in effect that employees holding both teaching and counseling certificate shall

[2]In *Otto* v. *Davie, supra,* 34 Cal.App.3d 570, the employee held both a teaching and a counseling certificate and had served the full probationary period as a counselor, but he had filed only his counseling certificate, not his teaching certificate, pursuant to section 13163, and thus was treated by the court as holding only a single certificate as a counselor. In *Lacy* v. *Richmond Unified Sch. Dist., supra,* 13 Cal.3d 469, 475, the employee apparently had both a teaching and counseling certificate and had served the probationary period as a counselor, but the court specifically did not address itself to the tenure issue.

[3]Since the Legislature did not expressly declare the section was to have retroactive effect (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 174 [18 Cal.Rptr. 369, 367 P.2d 865]) and since nothing has been brought to our attention which would indicate that the Legislature nonetheless intended retroactive application (*In re Marriage of Bouquet* (1976) 16 Cal.3d 583, 587 [128 Cal.Rptr. 427, 546 P.2d 1371]), we conclude the section would not have retroactive effect.

Petitioner has directed our attention to *Klein* v. *Board of Education* (1934) 1 Cal.2d 706 [37 P.2d 74], in support of his contention that the 1972 legislation cannot be applied retroactively because to do so would result in the impairment of a vested right. Whatever may be the continued vitality of *Klein,* it is clear that it has no application here in light of our holdings that petitioner has no tenured position as a counselor and that section 44894 was not intended to be applied retroactively.

[4]Section 44894 provides: "(a) A permanent employee not qualified to render service as a classroom teacher, when advanced to an administrative or supervisory position, or assigned any special or other type of work, or given special classification or designation requiring certification qualifications, shall retain his permanent classification for the performance of the type of service for which he was qualified prior to such advancement, assignment, or special classification or designation.

"(b) If an employee is authorized to render service in more than one type of position for which certification qualifications are required, either by virtue of his possession of one certification document authorizing service in two or more of such positions, or by virtue of his possession of separate certification documents authorizing service in two or more such positions, or any combination thereof, he shall, upon satisfying all other requirements prescribed by law, acquire permanent status as follows:

"(1) If he is authorized to render service as a classroom teacher, he shall acquire permanent status as a classroom teacher.

"(2) If he is not authorized to render service as a classroom teacher, he shall acquire permanent status below the administrative or supervisory level as a staff employee with multiple qualifications. His right to serve in one or more of the positions for which he is qualified to serve shall be subject to the power of assignment of the school district governing board."

acquire permanent status only as a classroom teacher and not as counselors. The Legislature thereby afforded counselors and administrators the same treatment, namely permanent status as classroom teachers, with the exception that counselors who did not also have teaching certificates would acquire permanent status as counselors. The Legislature in enacting this section stated that it was passed in order "to clarify the rights of permanent certificated employees," (Stats. 1972, ch. 795, § 10, p. 1417) suggesting that the section involved a clarification of the existing law rather than a change thereof. Indeed petitioner has not presented any authority to the contrary which would suggest that employees holding both teaching and counseling certificates would acquire permanent status as counselors. ■ We hold that an employee with both teaching and counseling certificates acquires permanent status as a classroom teacher regardless of the position held by that employee at the completion of the probationary period. Therefore petitioner acquired tenure as a classroom teacher.

Having concluded that petitioner acquired tenure as a classroom teacher, under the prevailing rule described earlier in this opinion petitioner could be reassigned from a position as a counselor to one as a classroom teacher subject only to the requirement of reasonableness. (*Netwig* v. *Huntington Beach Union High Sch. Dist., supra,* 52 Cal.App.3d 529, 532; *Leithliter* v. *Board of Trustees, supra,* 12 Cal.App.3d 1095, 1100-1101; *Adelt* v. *Richmond Sch. Dist., supra,* 250 Cal.App.2d 149, 152; *Mitchell* v. *Board of Trustees, supra,* 5 Cal.App.2d 64, 69; see *Lacy* v. *Richmond Unified Sch. Dist., supra,* 13 Cal.3d 469, 475, fn. 4.) ■ Petitioner seeks to avoid this conclusion by contending that, at least with reference to reassignment of counselors involving a reduction in pay and prestige, section 44955[5] prohibits such reassignment

---

[5]Section 44955 (formerly § 13447) provides: "No permanent employee shall be deprived of his position for causes other than those specified in Sections 44892, 44907 and 44923, and Sections 44932 to 44947, inclusive, and no probationary employee shall be deprived of his position for cause other than as specified in Sections 44948 and 44949, except in accordance with the provisions of Sections 44955 to 44961, inclusive.

"Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, or whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year, and when in the opinion of the governing board of said district it shall have become necessary by reason of either of such conditions to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, permanent as well as probationary, at the close of the school year; provided, that the services of no permanent employee may be terminated under the provisions of

to classroom teaching positions unless it is for cause pursuant to section 44933 or to effect a reduction in the number of permanent employees pursuant to the procedures set forth in section 44955. Petitioner seeks to reach this conclusion by asserting that to reassign an employee from counselor to classroom teacher is to "deprive him of his position" within the meaning of that phrase in the initial sentence of section 44955. This contention has no merit.

First, all the code sections referred to in the first paragraph of section 44955 refer to dismissal of permanent or probationary employees or to termination of their services pursuant to section 44955 itself. Therefore it is clear that "deprived of his position" refers to dismissal or termination of services. Accordingly, it has been held that section 44955 has no application to the reassignment or demotion of administrators to the position of classroom teacher. (*Council of Directors and Supervisors* v. *Los Angeles Unified Sch. Dist., supra*, 35 Cal.App.3d 147, 152; see *Hentschke* v. *Sink, supra*, 34 Cal.App.3d 19, 22-23.) Moreover, section 44955 was in effect and contained the relevant language concerning "deprivation of position" at the time the general rule was established that school districts may reassign permanent employees to any position within the scope of the certificate under which they acquired permanent status subject only to the requirement of reasonableness. (*Netwig* v. *Huntington Beach Union High Sch. Dist., supra*, 52 Cal.App.3d 529, 532; *Hentschke* v. *Sink, supra*, 34 Cal.App.3d 19, 22-23; *Leithliter* v. *Board of Trustees, supra*, 12 Cal.App.3d 1095, 1100-1101; *Adelt* v. *Richmond Sch. Dist., supra*, 250 Cal.App.2d 149, 152.)

Second, section 44955 was enacted to authorize school districts to terminate employment of permanent employees in order to reduce their number when there has been a reduction in the number of students or

---

this section while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render.

"Notice of such termination of services either for a reduction in attendance or reduction or discontinuance of a particular kind of service to take effect not later than the beginning of the following school year, shall be given before the 15th of May in the manner prescribed in Section 44949, and services of such employees shall be terminated in the inverse of the order in which they were employed, as determined by the board in accordance with the provisions of Sections 44844 and 44845 of this code. In the event that a permanent or probationary employee is not given the notices and a right to a hearing as provided for in Section 44949, he shall be deemed reemployed for the ensuing school year.

"The board shall make assignments and reassignments in such a manner that employees shall be retained to render any service which their seniority and qualifications entitle them to render."

when it is necessary to reduce or discontinue a particular kind of service and to provide the procedures by which this reduction may be effected. (*Lacy* v. *Richmond Unified Sch. Dist., supra,* 13 Cal.3d 469; *Teacher Dismissals Under Section 13447 of the California Education Code* (1976) 27 Hastings L.J. 1401, 1402.) Section 44955 only comes into play once the school district has decided to terminate the services of certain permanent employees in order to reduce the number of employees because of a reduction in the number of students or in order to reduce or discontinue a type of service. (*Lacy* v. *Richmond Unified Sch. Dist., supra,* 13 Cal.3d 469, 475.) Once the school district has determined a need to effect a reduction in the number of permanent employees, it must then comply with the procedures set forth in section 44955, which requires among other things that the school district must effect such termination in order of seniority. (*Lacy, supra,* at pp. 473-474; *Krausen* v. *Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 402 [116 Cal.Rptr. 833]; see *Otto* v. *Davie, supra,* 34 Cal.App.3d 570, 575-576.) "It [section 44955] contains a mandatory directive to the board to determine whether any employee whose employment is to be terminated for a reduction in attendance or for a reduction in a particular type of service possessed the seniority and qualifications which would entitle him to be assigned to another position. It seems clear that the provision in question does confer seniority rights and bumping privileges upon probationary, as well as permanent, employees. The provision has been interpreted to mean 'that when a [particular] service is eliminated [or reduced] the holder of the position is not necessarily terminated, but is entitled to another assignment to which his seniority and qualifications entitle him.' " (*Krausen, supra,* 42 Cal.App.3d at p. 402.) Section 44955 applies to reassignments only after the school board has determined to terminate the services of a permanent employee pursuant to section 44955 and then only to assure that that employee, if entitled so by seniority and qualifications, be reassigned rather than terminated. The section has no application to normal reassignments of permanent employees. (*Lacy* v. *Richmond Unified Sch. Dist., supra,* 13 Cal.3d 469, 475.) It is clear from the record, as is in fact urged by petitioner, that the school district did not effect his reassignment pursuant to section 44955.[6] Since petitioner was not reassigned pursuant to section 44955 following termination of his services as a counselor, he was not entitled to the procedures compelled by that section.

---

[6]It has been held that if an employee is reassigned pursuant to section 44955 following termination of his services at his then occupied position as provided by that section, then the employee is entitled to a hearing to determine whether the position to which he was reassigned was in accordance with his seniority and qualifications. (*Krausen, supra,* 42 Cal.App.3d at p. 402.)

The judgment is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Sullivan, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.