[Civ. No. 49276. First Dist., Div. Four. Nov. 29, 1982.]

FRANK MALYNN, Plaintiff and Appellant, v.
MORGAN HILL UNIFIED SCHOOL DISTRICT et al.,
Defendants and Respondents.

COUNSEL

Toothman, Anderson, Sprinkles & Maser and Thomas T. Maser for Plaintiff and Appellant.

Selby Brown, Jr., County Counsel, and Robert T. Owens, Assistant County Counsel, for Defendants and Respondents.

OPINION

POCHÉ, J.—Frank Malynn appeals from a judgment of the Santa Clara County Superior Court denying his petition for a writ of mandate to compel the Morgan Hill Unified School District (District), and its superintendent, Robert B. Stannard, to rescind their assignment of him to Britton Middle School, and to reinstate him as a teacher at Live Oak High School.

We affirm.

*Facts*

Appellant Frank Malynn is a certificated permanent employee of the District who holds both a general secondary credential, which enables him to teach grade levels 7 through 12, and a special secondary credential in Driver Training and Driver Education.

In February of 1963, appellant was employed by the Live Oak Union High School District. From that time appellant instructed physical education, driver training and driver education exclusively at Live Oak High School in grade levels 9 through 12. Following the completion of the 1965-1966 school year, appellant obtained tenure.

The Live Oak Union High School District was consolidated into the Morgan Hill Unified School District on July 1, 1966.

In March of 1975, Live Oak High School moved to newly constructed facilities. The former site was converted in September of that year to a school named Britton Middle School.

The school district's educational program was revamped for the 1979-1980 school year. The three grade levels were: kindergarten through 6, grades 7 through 9, and grades 10 through 12. As a consequence, the number of students at Live Oak was reduced and teacher reassignment was necessary.

In May of 1979, appellant was informed by Superintendent Stannard that he was being reassigned from Live Oak High School to teach physical education at Britton Middle School. The transfer of appellant to the middle school was within the scope of the certificate under which he obtained tenure. Appellant opposed the change but was unsuccessful in his attempt to have respondents rescind the assignment.

Thereafter, he filed a petition for a writ of mandate to compel the respondents to reinstate him to Live Oak High School prior to the commencement of the 1979-1980 school year. The trial court denied the writ, concluding that the transfer was within the respondents' discretion.

## Discussion

Since 1939, a school district superintendent has been empowered, subject to the approval of the governing board, to "assign all employees of the district employed in positions requiring certification qualifications, to the positions in which they are to serve." (Former Sch. Code, § 2.95, subd. 3, Stats. 1939, ch. 963, § 2, p. 2712; former Ed. Code, § 1306, subd. (c), Stats. 1957, ch. 806, § 2, p. 2018; former Ed. Code, § 1551, subd. (c), Stats. 1959, ch. 458, § 1, pp. 2395-2396; former Ed. Code, § 939, subd. (c), Stats. 1963, ch. 629, § 2, pp. 1514-1515; see now Reorganized Ed. Code, § 35035, subd. (c), added by Stats. 1976, ch. 1010, § 2, p. 3060.)[1]

---

[1]Unless otherwise indicated, all further statutory references are to the Reorganized Education Code, added by Statutes 1976, chapter 1010, amended by Statutes 1976, chapter 1011, operative April 1, 1977.

That assignment power was further defined by the Legislature in 1970: "Such power to assign includes the power to transfer a teacher from one school to another school at which the teacher is certificated to serve within the district when the superintendent concludes that such a transfer is in the best interest of the district." (Former Ed. Code, § 939, as amended by Stats. 1970, ch. 460, § 1, pp. 912-913; see now § 35035, subd. (c).)

Section 35035, subdivision (c), provides for the "well recognized prerogative of the school administrator to control class assignments. . . . 'The assignment of teachers to classes for which a teacher is certificated is entirely within the discretion of the governing board. . . .' " (*Centinela Valley Secondary Teachers Assn.* v. *Centinela Valley Union High Sch. Dist.* (1974) 37 Cal.App.3d 35, 40 [112 Cal.Rptr. 27].)

■ It has been well settled since at least 1932 that tenure does not infringe upon the general power of assignment. (*Cullen* v. *Board of Education* (1932) 126 Cal.App. 510, 512-513 [15 P.2d 227, 16 P.2d 272]; *Mitchell* v. *Board of Trustees* (1935) 5 Cal.App.2d 64, 69 [42 P.2d 397]; *Matthews* v. *Board of Education* (1962) 198 Cal.App.2d 748, 754 [18 Cal.Rptr. 101]; *Adelt* v. *Richmond Sch. Dist.* (1967) 250 Cal.App.2d 149, 152 [58 Cal.Rptr. 151]; *Leithliter* v. *Board of Trustees* (1970) 12 Cal.App.3d 1095, 1100-1101 [91 Cal.Rptr. 215]; *Lacy* v. *Richmond Unified Sch. Dist.* (1975) 13 Cal.App.3d 469, 475, fn. 4 [119 Cal.Rptr. 1, 530 P.2d 1377].) "Subject only to the requirement of reasonableness, a school district is entitled to assign teachers anywhere within their certificate, according to the needs of the district. *Tenure does not bestow on the school teacher a vested right to a specific school or to a specific class level of students within any school.*" (*Adelt, supra,* 250 Cal.App.2d at p. 152, italics in original.) The rationale for this rule is quite apparent: "The welfare of school districts demands that they have broad discretion to assign their teachers in the best interests of the school system. Consequently, the courts should not lightly undertake to interfere with the exercise of this discretion, where it is not in conflict with statutory law." (*Adelt, supra,* at p. 153.)

■ Appellant does not challenge the trial court's finding that his reassignment from Live Oak High School to Britton Middle School was within the scope of his certificate. In the words of the statute, appellant was "certificated to serve" at the Britton Middle School. (§ 35035, subd. (c).) Nor does appellant contend that the transfer was not within the District's best interest.

Finding no relief in the statute, appellant contends that the reassignment was invalid because the transfer from a high school to the middle school was a different "rank and grade" in which he obtained tenure.

As recently as 1977, the California Supreme Court has reviewed the limitations on the power of a school district to reassign its permanent certificate employees. "It is well established that school districts in the normal course of administration have broad powers to reassign their permanent employees to different positions, including positions involving a reduction in pay and prestige, subject only to two requirements: (1) reasonableness [citations] and (2) that the reassigned position be 'within the scope of the certificate under which tenure was acquired' [citation] *or* 'the work assigned is of a *rank and grade* equivalent to that by which the permanent status was acquired.' [Citations.] Thus, in order to determine the propriety of a reassignment it is necessary to ascertain 'the certificate under which tenure was acquired' or 'the rank and grade' at which permanent status was acquired." (*Thompson* v. *Modesto City High School Dist.* (1977) 19 Cal.3d 620, 623-624 [139 Cal.Rptr. 603, 566 P.2d 237], italics added; see also *Whisman* v. *San Francisco Unified Sch. Dist.* (1978) 86 Cal.App.3d 782, 791 [150 Cal.Rptr. 548].)

With respect to the *Thompson* delineation of the powers of a school district to reassign its permanent employees appellant concedes that the reassigned position was within the scope of the certificate under which he acquired permanent status. What he contends, however, is that the framing of the second requirement by the *Thompson* court in the alternative "creates an ambiguity." He contends "the requirements set forth in *Thompson* were not meant by the Supreme Court to be construed disjunctively, but meant simply to express twin tests, long-settled in California law, each of which must be satisfied, and each of which is particularly relevant in specific factual circumstances."

Appellant's argument must be rejected. The *Thompson* test is quite specific: there are two requirements, not three, governing reassignment of permanent employees. (*Thompson, supra,* 19 Cal.3d at p. 623.) This court is bound under *stare decisis* to follow Supreme Court holdings. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].)

The judgment is affirmed.

Rattigan, Acting P. J., and Moscone, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.